WALTER T. DANSON, *Plaintiff in Error*, v. ELIZABETH DANSON AND EFFIE W. SCHUMACHER, *Defendants in Error*.

Opinion Filed November 13, 1918.

1. In *habeas corpus* proceedings for the custody of a minor child, where the petitioner moves for an award of the custody to him upon the return or answer to the writ, the movant thereby admits the material averments of the return or answer to be true.

2. It appearing that the person to whom the father intends to commit the custody of his minor child, if the child is

awarded to him, is an improper person for such custody, and it also appearing that the father is at the time engaged in the United States Military Service, an award of the present custody of the child to a suitable person is affirmed.

Writ of Error to Circuit Court for Duval County; D. A. Simmons, Judge.

Judgment affirmed.

*John E. Hartridge,* for Plaintiff in Error;

*H. L. Anderson,* for Defendants in Error.

WHITFIELD, J.—In an application for a writ of habeas corpus "the petition of Walter T. Danson, of Duval County, Florida, complaining, shows that Walter T. Danson, Jr., aged three years, the son of petitioner, is unlawfully restrained of his liberty by Elizabeth Danson and Effie W. Schumacher, of the City of Jacksonville, Duval County, Florida, and that said Walter T. Danson, Jr., is detained for no criminal or supposed criminal matter.

"Petitioner further shows that he obtained a decree of divorce from the said Elizabeth Danson in the Circuit Court of the Eleventh Judicial Circuit in and for Palm Beach County, Florida, and the final decree in said suit for divorce on the part of petitioner was signed on the 31st day of May, A. D. 1917, by H. Pierre Branning, Judge of said Circuit Court, and was duly recorded in the Circuit Court Minutes of said Palm Beach County, on page 7, June 1st, 1917; that under and by virtue of said decree it was ordered, adjudged and decreed that Walter T. Danson, petitioner herein, have the care, custody, control and education of the minor child, Walter T.

Danson, Jr. A certified copy of which said decree is hereto attached and marked 'A' and made a part of this petition as fully as if herein set forth.

"Petitioner further shows that the said Elizabeth Danson some time heretofore, to-wit, on or about the latter part of March, 1918, petitioner believes about the 22nd of March, in company with said Effie W. Schumacher, called at the house of Elizabeth Danson Womble, sister of petitioner, at 1932 Groover Avenue, Jacksonville, Duval County, Florida, where the said Walter T. Danson, Jr., had been confided to the care of Elizabeth Danson Womble, sister of petitioner, and without the consent of petitioner or any other authorized thereto, took said child away and have had the custody of said child ever since and refuse to deliver him up.

"Petitioner further represents that since then he has been called into the service of the country and is a member of 30th Company, 156th Depot Brigade, now encamped at Camp Jackson, Columbia, S. C.; that in order to protect said child and have this proceeding brought, after he was called, but before leaving to enter the service, he executed a power of attorney, giving to his sister, Elizabeth Danson Womble, the care and custody of said child and authorizing her to proceed to procure the custody of said child and to retain, take care of and raise said child.

"Petitioner therefore prays a writ of habeas corpus, pursuant to the statute in such cases made and provided, to be directed to the said Elizabeth Danson and Effie W. Schumacher, to bring the said Walter T. Danson, Jr., forthwith before the court here and to show the cause of his detention, and to submit to and receive what the law may require."

A copy of a decree of the Circuit Court for Palm Beach County attached as an exhibit to the petition granted a divorce to the petitioner from Elizabeth Danson and decreed that Elizabeth Danson "is a person wholly unfit to have the care, custody, control or education of a child" and that Walter T. Danson "should have the care, custody, control and education of his minor child," and that "Walter T. Danson have the care, custody, control and education of the minor child, to-wit, Walter T. Danson, Jr., without any interference on the part of the defendant, until the further order of this court."

A writ was issued and the defendants answered as follows:

"Come now the respondents, Effie W. Schumacher and Elizabeth Danson, in the action above styled, and show to the court that in a certain cause in equity lately pending in this Honorable Court, wherein Effie W. Schumacher was petitioner, a final decree was in said cause duly and regularly entered, on the 2nd day of April, 1918, and before the filing of the petition in this action, whereby and wherein the care, custody and control of the infant, Walter T. Danson, Jr., was awarded and given unto the respondent, Effie W. Schumacher; that said final decree was on the 2nd day of April, 1918, duly entered and recorded in the rolls of said chancery court, and respondent, Effie W. Schumacher, says that at all times since the 2nd day of April, 1918, she has had the sole custody and control of the infant, Walter T. Danson, Jr., under and by virtue of said final decree, and that said decree has never been reversed or modified and the respondent, Effie W. Schumacher, says that at the time of the filing of the petition and the issuance of the writ in this action, her control and custody of the infant, Wal-

ter T. Danson, Jr., was by virtue of said final decree, which said decree this respondent says she is advised cannot be attacked or its provisions and terms questioned in this proceeding, a certified copy of which said decree is hereto attached and made a part hereof, marked Exhibit A.

"Respondent, Elizabeth Danson, says that since the 2nd day of April, 1918, she has not had in her custody or control the infant, Walter T. Danson, Jr.; that said custody and control has been exercised solely and only by Effie W. Schumacher, and not by this respondent, and both respondents say that it is not true as in the petition in this proceeding averred that the infant, Walter T. Danson, Jr., was at the time of the filing of the petition and issuance of the writ in this action unlawfully restrained of his liberty by these respondents.

"Respondents admit that by a final decree, which was entered in the Circuit Court of Palm Beach County, Florida, on June 1, 1917, that the care, custody and control of the infant, Walter T. Danson, Jr., was awarded by said decree unto petitioner, Walter T. Danson, but in this behalf respondents say that said final decree was fraudulently procured and entered, at the instance of the petitioner, Walter T. Danson, in this, that petitioner, Walter T. Danson, represented to the respondent, Elizabeth Danson, who was then his wife, that if the respondent, Elizabeth Danson, would consent to the entry of a final decree in the divorce proceedings mentioned in the petition, that the final decree in said divorce proceedings would make no provision for the care and custody, control and education of the child, Walter T. Danson, Jr., and that respondent, Elizabeth Danson, might have the custody, care and control and education of said minor child with the privilege to the petitioner, Walter T. Dan-

son, to visit and see said child at all convenient times, and that confiding in the promise and representations aforesaid of said petitioner that said final decree could be entered in accordance with the above agreement, the respondent, Elizabeth Danson, left Palm Beach County, and came to Duval County, Florida, before the entry of said decree and following the arrangement and understanding aforesaid brought the said infant, Walter T. Danson, Jr., to Duval County, Florida, and at all times thereafter up to about the 5th of October, 1917, when without any demand made upon the respondents, petitioner, Walter T. Danson, by secret arrangement with a certain woman of ill fame procured said woman to steal and carry away said child from the custody, care and control of the respondent, Elizabeth Danson. Afterwards respondent, Elizabeth Danson, as well she might, took said child from the sister of the petitioner at or about the time mentioned in said petition and kept said infant child in her custody and care until the custody and care of said child was awarded to respondent, Effie W. Schumacher, by the decree of the court hereinabove set out.

"Further answering said petition and writ, these respondents say that Elizabeth Danson Womble is not a proper person to have the care and custody of the child, Walter T. Danson, Jr., that Walter T. Danson, the petitioner, after having stolen the child from the care and custody of the respondent, Elizabeth Danson, delivered said child to his sister, Elizabeth Danson Womble, who kept the same until about the 22nd day of March, 1918, and during the time the said Elizabeth Danson Womble had said child she ill-treated it and grossly neglected said child; that the child by reason of ill-treatment and neglect became ill and said Elizabeth Danson Womble

refused and failed to give the child proper care and medical attention, and that respondent, Effie W. Schumacher, was compelled to furnish money to pay physicians and for medicine for said child; that said Elizabeth Danson Womble failed and neglected to furnish the child with suitable and proper clothing and to care for said child as its station in life required; that said Elizabeth Danson Womble is accustomed to use violence, obscene and profane language at all times and did so use the same in the presence of said child and will if said child is committed to her care encourage, teach and permit said child to use such language, as is used by said Elizabeth Danson Womble.

"Respondent, Elizabeth Danson, also shows to the court that at or about the time she re-took said child from the said Elizabeth Danson Womble, on or about March 22, 1918, the said Elizabeth Danson Womble stated to respondent, Elizabeth Danson, that she, the said Elizabeth Danson Womble, 'did not want the brat,' and only took it for the purpose of venting her spite on these respondents, and in this behalf respondents show that Walter T. Danson is a man of dissolute habits and bad repute; that he has acquired a fixed habit of using intoxicating liquors to excess and his occupation for years has been that of a bar-keeper, and that recently he has been engaged in the business of boot-legging and blockade running of liquors; that he did not enlist in the army, but was drafted and made a false and fraudulent claim of exemption, which was allowed and afterwards upon representations made by persons acquainted with the facts said exemption was disallowed; that his joining the army was wholly involuntary and against his wishes and desires and that beginning about the —— day of August, 1917, the said Walter T. Danson has been engaged in at-

tempting to extort monies from respondent, Effie W. Schumacher, and during said period of time proposed to sell to the said Effie W. Schumacher for money the permanent care, custody and control of the infant, Walter T. Danson, Jr., and on information and belief these respondents charge that said Elizabeth Danson Womble knew of these attempts of the petitioner, Walter T. Danson, to extort money from respondent, Effie W. Schumacher, and that she is now engaged in assisting her brother in this proceeding, not for the purpose of giving to the infant child proper control and education, but for the purpose of forcing respondent to pay money to the said Walter T. Danson, and in this behalf respondents attach hereto letters written and deposited in the mail by the said Walter T. Danson addressed to respondent, Effie W. Schumacher, numbered from 1 to 19 inclusive, and make the same a part of this answer of respondents in this behalf.

"Further answering said writ and petition, these respondents say that in the month of December, 1917, the petitioner, Walter T. Danson, consented and agreed with respondents that the respondent, Effie W. Shumacher, who is possessed of means sufficient to care for, maintain and educate said infant child, Walter T. Danson, Jr., might retain the custody and control of said infant freed from his right to the possession and custody of said infant child as the father of said child, saying that at that time he, the said petitioner, knew that he was not a proper person to care for and maintain the child and that his relatives were not in position to do what was right by the child; and respondent, Effie W. Schumacher, pleads this agreement and contract with the petitioner in bar of the petitioner's right at any subsequent time

to retake said child from her possession, custody and control."

Attached as an exhibit to the answer is a decree of the Circuit Court for Duval County "that the said Walter T. Danson, Jr., be and he is hereby decreed to be the child and heir at law of said Effie W. Shumacher.

"It is further ordered and decreed by the court that the name of said child shall henceforth be that of Jack Schumacher instead of Walter T. Danson, Jr."

A number of letters from petitioner are also attached to the answer as exhibits.

The petitioner moved as follows: "Now comes the petitioner, Walter T. Danson, and says that by anything before alleged in the return to the petition filed in this case as above, he ought not to be precluded from having the custody, care and possession of his minor son, Walter T. Danson, Jr., and moves the court by its order and judgment in this case to give the petitioner the care, custody and possession of said infant child."

It was adjudged that "this cause coming on further to be heard upon the petition, writ and return, the same having been duly presented by counsel and considered by the court; it is ordered that the infant child, Walter T. Danson, Jr., be and is remanded to the custody and care of the respondent, Effie W. Shumacher. It is further ordered that the petitioner pay the costs of this proceeding."

A writ of error was allowed and taken by petitioner.

The plaintiff in error states that "The simple question before this court is whether the father, plaintiff in error, is entitled to the custody of his child.

"Under the contentions made in the return, three sub-questions arise:

"1.   Whether the decree signed by Judge Branning of the Circuit Court of Palm Beach County, awarding the child to his father, can be set aside collaterally or only by appeal and shall remain in force until reversed by this court.

"2.   Whether any collateral attack can be made upon said decree or void its efficacy and full force by a decree made subsequently on a petition for adoption of the child. Can one court, in this collateral way, destroy the decree of the court first having jurisdiction?

"3.   If it could be destroyed in this way, can a decree of the court impart to a mother by adoption rights and powers that the natural mother does not possess?"

In the decree of the Circuit Court for Palm Beach County granting the petitioner a divorce from his wife and awarding the custody of their minor son to the father, petitioner here, such commitment of the minor son to the father's custody was expressly made "until the further order of the court." As the welfare of the child is the controlling consideration, the quoted limitation in the decree was perhaps unnecessary in view of the jurisdiction and duty of courts in awarding the custody of minor children. In this case the father who obtained the decree in Palm Beach County awarding him the custody of the child, brings this habeas corpus proceeding in Duval County to obtain custody of the child. The proceedings for the adoption of the child by Effie W. Schumacher may or may not be valid as against the father and are not considered here.

In moving, upon the return or answer to the writ, that the infant child be committed to him, the petitioner admitted the averments of the return or answer to be true.

It appears from the return or answer admitted to be true that the child was with the father's consent in the

care and custody of Effie W. Shumacher within the jurisdiction of the Circuit Court for Duval County when on this habeas corpus proceeding brought by the father, the order was made by that court for the custody of the minor child. Without considering whether the answer taken as true and the letters from the petitioner attached as exhibits show the father to be an improper person to have the custody of the minor child, the father is now in the United States military service and the person to whom the petitioner indicates he would give the custody of the child is shown to be an improper person for such custody. For this reason the award of the present custody of the child to a suitable person by the court having jurisdiction is not clearly wrong, therefore the judgment of award is affirmed.

BROWNE, C. J., AN TAYLOR, ELLIS AND WEST, J. J., concur.