241 So.2d 432 (1970)
Gilbert Arthur JONES and Mary Frances Jones, Appellants,
v.
STATE of Florida ex rel. Nancy Jo Anne GREATHOUSE, Appellee.
No. N-546.
District Court of Appeal of Florida, First District.
December 3, 1970.
*433 W. Paul Thompson, De Funiak Springs, for appellants.
No Appearance, for appellee.
JOHNSON, Chief Judge.
This is an appeal by the father from a final order entered by the Circuit Court of Walton County on a petition for habeas corpus returning the custody of the minor child to petitioner.
In December of 1967, the Circuit Court of Hillsborough County entered an order in a divorce proceeding granting custody of the child to the mother, pursuant to stipulation. It is not clear from the record just how or for what period of time the father, residing in Walton County, gained and retained control of the child, but on May 20, 1970, appellee filed a petition for writ of habeas corpus in the Circuit Court of Walton County from which issued the order now being appealed. At the hearing on the writ, the court refused to hear testimony or take any evidence regarding the welfare of the child, ruled that it was bound by the custody order entered by the Hillsborough County Circuit Court and ordered that the custody be returned to appellee. Appellant contends on appeal that the trial court was not bound by the previous custody order of another circuit court and that evidence should have been taken to determine in whose custody the child's welfare would be best served. No brief was filed by the appellee.
This precise issue has not been answered by the courts of Florida. It has been held that where the custody was originally awarded by the decree of another state, the courts of this state should take evidence to determine the child's best interest and welfare. Neal v. State, 135 So.2d 891 (Fla. App.1st, 1961); Fox v. Fox, 179 So.2d 103 (Fla.App.3rd, 1965); Morris v. Kridel, 179 So.2d 130 (Fla.App.2d, 1965).
With regard to the situation where the original custody award and the subsequent habeas corpus proceeding occur in the same state but in different courts, some states have held that the latter court was without jurisdiction to change the custody as fixed by a prior divorce decree because the court which issued that decision retained exclusive jurisdiction on the question of custody. To hold otherwise could result in a conflict of jurisdiction and be productive of confusion and subversive of orderly procedure. This appears to be the rule applied by the majority of states. 4 A.L.R.3d 1277, §§ 10, 16. Other states have held that where a divorce decree provides for the custody of minor children, a later habeas corpus proceeding concerning such custody is not an attempt to modify the earlier judgment, but is an independent action. 4 A.L.R.3d 1277, § 17.
A review of the case law shows that Florida courts have followed both positions, but the former, majority view has been reiterated in recent cases. In Danson v. Danson, 76 Fla. 449, 80 So. 62 (1918), the Supreme Court stated that the welfare of the child is the controlling consideration and refused to hold the Circuit Court of Duval County bound by the former judgment of the Court of Palm Beach County. However, in Frye v. Frye, 205 So.2d 310, 313 (Fla.App.4th, 1967) it was stated:
"The law is settled that once a court makes a custodial determination it retains jurisdiction to modify its custody orders at any time prior to the child's majority. * * * This continuing jurisdiction to modify its own decree is generally considered exclusive to the divorce court."
(Citations omitted.)
*434 And in Poliak v. Poliak, 235 So.2d 512, 514 (Fla.App.2d, 1970), the court, citing the Frye case, stated:
"The law of Florida is well settled that the Circuit Court, in and for Monroe County, Florida, retains jurisdiction to modify its custody orders, which would include visitation privileges, until such time as the minor children reach their majority. This is a continuing jurisdiction and is generally considered to be exclusive in the divorce court."
We are of the opinion that the majority view as set out above expresses the sounder reasoning, and we therefore affirm the final order below upon the authority of Frye v. Frye, supra, and Poliak v. Poliak, supra. This ruling is without prejudice to any petition which may subsequently be filed in the Circuit Court of Hillsborough County seeking modification of the original custody order on the grounds of changed conditions.
Affirmed.
WIGGINTON and SPECTOR, JJ., concur.