MORPHONIOS, Circuit Judge.
This is a Petition for Writ of Certiorari, to the District Court of Appeal, First District, alleging conflict with a prior decision of this Court and seeking review of an order by the District Court of Appeal, First District, issuing a rule absolute in prohibition, which decision purportedly conflicts with Danson v. Danson, 76 Fla. 449, 80 So. 62 (1918).
Factually, we find that in 1969, Phyllis C. McLeod obtained in Escambia County, Florida, a divorce from George A. McLeod. In that divorce decree custody of the minor child of the parties was awarded to Phyllis C. McLeod with right of reasonable visitation to George A. McLeod. Thereafter, in Walton County, Florida, George A. McLeod filed a Petition for Modification of that divorce decree with regard to visitation rights. Upon denial of her motion to dismiss, respondent Phyllis C. McLeod Ward filed a suggestion for Writ of Prohibition on the grounds that the Circuit Court of Walton County lacked jurisdiction, the proper jurisdiction lying in the court of original jurisdiction, Es-cambia County, Florida.
Petitioner cites the case of Danson v. Danson, 76 Fla. 449, 80 So. 62 (1918), which was a proceeding in habeas corpus and, therefore, distinguishable from the case of sub judice. In addition, numerous factual distinctions exist.
However, in the case of Haley v. Edwards, 233 So.2d 647 (Fla.App. 4th, 1970), the District Court of Appeal, Fourth District, faced a factual situation remarkably similar in issuing its writ of prohibition to the Circuit Court of Sarasota County. See also Poliak v. Poliak, 235 So.2d 512 (Fla.App.2d, 1970); Jones v. State ex rel. Greathouse, 241 So.2d 432 (Fla.App. 1st, 1970); Frye v. Frye, 205 So.2d 310 (Fla.App. 4th, 1967).
It is clear that case law supports the proposition that continuing jurisdiction to modify custodial decrees remains with the Court making such original determination. There is ample provision for transfer of venue upon motion when justice would so indicate.
■ Florida Statutes, Chapter 39, dealing with juvenile dependency and delinquency, and Florida Statutes, Chapter 61, dealing with child custody and visitation, specifically enumerate those instances in which the county in which the child is located determines jurisdiction and this ruling does not relate to those matters.
*140 We hold, therefore, that the District Court of Appeal was correct in issuing its writ of prohibition and, accordingly, the writ of certiorari is discharged.
ADKINS, C. J., ROBERTS, J., and ALDERMAN, Circuit Judge, concur.
ENGLAND, J., concurs specially with opinion.