ENGLAND,. Justice
(concurring specially).
If, as the majority opinion states, there is no conflict between this case and Dan-son, 'then we lack jurisdiction to hold that the district court was correct in issuing its writ of prohibition. The Constitution does not grant us authority to issue advisory opinions, other than those requested by the governor.[1]
I disagree, however, as regards conflict with Danson. In that case this Court ruled that a court in one county has jurisdiction to modify a custody award originally entered in another county. The district court in this case has ruled directly to the contrary, and the direct conflict between those decisions is precisely why we were given reviewing authority.[2] The procedural differences between the cases should not prevent the exercise of our duty.
I would grant certiorari, affirm the district court for the reasons best expressed in J ones v. State ex rel. Greathouse, note 2 supra, and expressly recede from the rule of law adopted in Danson.

. Fla.Const. Art. IV, § 1(c).

. Fla.Const. Art. V, § 3(b)(3). The majority references Jones v. State ex rel. Greathouse, 241 So.2d 432 (1st Dist.Ct.App.Fla. 1970), which itself cited and disapproved the result in Danson.