337 So.2d 832 (1976)
Nicholas ELLIOTT, Appellant,
v.
Marie Elliott WEYMAN, Appellee.
No. AA-116.
District Court of Appeal of Florida, First District.
September 28, 1976.
*833 Richard Kane of Kane & Kaufman, Daytona Beach, for appellant.
Patrick G. Kennedy, of Van Wert, Heebner & Kennedy, Daytona Beach, for appellee.
McCORD, Judge.
A final judgment dissolving the marriage of the parties was entered by the Circuit Court of Broward County in 1973. It granted custody of one minor child of the marriage to appellant (the husband) and custody of the remaining two minor children to the wife (appellee). In the summer of 1974, the two minor children in appellee's custody visited appellant in Mississippi. Appellant did not return them but sought a change of custody in a Mississippi court. That court dismissed the action for lack of jurisdiction and directed appellant to file in the appropriate Florida court and granted appellant temporary custody pending the outcome of the Florida litigation. Appellant thereupon filed a petition to modify custody and child support in the Circuit Court of Volusia County where appellee resides. He filed a three count amended petition. Count 1 sought modification of child support; Count 2 sought a social investigation of appellee's home; and Count 3 sought a change in custody. The court below dismissed the amended petition with prejudice finding that jurisdiction was vested in the Circuit Court of Broward County. Appellant appeals the order of dismissal.
The dismissal of Count 3 was correct. Sole jurisdiction to change custody of the children remained in the Circuit Court of Broward County. Jones v. State ex rel. Greathouse, 241 So.2d 432 (Fla. 1 DCA 1970); Ward v. Wells, 298 So.2d 493 (Fla. 1 DCA 1974); Wells, In and For Walton County v. Ward, 314 So.2d 138 (Fla. 1975). The court below did not err in dismissing Count 2. Section 61.20, Florida Statutes (1975), provides in part:
"In any action where the custody of a minor child is in issue, the court may request the [Department of Health and Rehabilitative Services] to make an investigation and social study concerning all pertinent details relating to the child and each parent ..."
Whether or not the court determines to request an investigation and social study is within the court's discretion. Certainly there was no abuse of discretion in the trial court's denial of appellant's request. The court had no jurisdiction to consider custody.
As to dismissal of Count 1, since appellee is a resident of Volusia County, the circuit court of that county under § 61.14, Fla. Stat. (1975), "has jurisdiction to make orders as equity requires with due regard to the changed circumstances and the financial ability of the [parties, or the child or children,] decreasing or increasing, or confirming the amount of ... support ... provided for in the ... order," (emphasis supplied) of the Broward County Circuit Court. Under the circumstances of this case, appellant being in violation of the custody order of the Circuit Court of Broward County, equity does not require that the Circuit Court of Volusia County consider modification of his child support payments. Since the Circuit Court of Broward County is the only court having jurisdiction of the custody question which appellant has raised, this entire controversy should be determined by that court. It is illogical that one circuit court determine modification of child support while another, at the same time, determines child custody. The determination of the child custody question by the Broward County Circuit Court could render moot any action the Volusia County Circuit Court takes as to support. Such would create a multiplicity of actions resulting in unnecessary judicial labor and expense for the litigants.
AFFIRMED.
MILLS, J., concurs.
BOYER, C.J., concurs specially.
BOYER, Chief Judge (concurring specially).
As to count one I concur with the majority under the peculiar facts of this case and *834 for the reasons set forth in the majority opinion.
As to count two I concur that the learned trial judge was eminently correct in that whether or not he determined to request an investigation and social study was within his sound discretion.
As to count three I am of the view that the majority opinion is in conflict with Danson v. Danson, 76 Fla. 449, 80 So. 62 (1918) (see special concurring opinion in Wells in and for Walton County v. Ward, Sup.Ct.Fla. 1975, 314 So.2d 138). However, inasmuch as the majority in the case last above cited found no conflict and affirmed this court's opinion in Ward v. Wells, Fla.App. 1st 1974, 298 So.2d 493, in the interest of stare decisis I concur in affirmance as I did in Ward v. Wells, supra. In so doing, I again observe the oft-repeated confusion between jurisdiction and venue. (Please see sixth paragraph of Wells in and for Walton County v. Ward, supra, wherein the court, in the same paragraph appears to have used the terms jurisdiction and venue interchangeably.)