389 So.2d 348 (1980)
Debra Ann BAILEY, Formerly Debra Ann Malone, Appellant,
v.
William Vincent MALONE, Appellee.
No. VV-95.
District Court of Appeal of Florida, First District.
October 27, 1980.
*349 Benjamin T. Shuman, Orlando, for appellant.
Janice Milin, Warrington, for appellee.
JOANOS, Judge.
By interlocutory appeal, the appellant, Debra Ann Bailey, challenges the Escambia County Circuit Court's denial of her motion to transfer for improper venue and her motion to dismiss for lack of personal and subject matter jurisdiction. The issues raised on appeal concern the proper venue and subject matter jurisdiction of the Escambia County Circuit Court over a motion to modify both child support payments and visitation rights filed by appellee William Malone, appellant's ex-husband. We reverse the trial judge's denial of the motion to dismiss.
On December 5, 1978 the final judgment of dissolution between the parties to this proceeding was entered in the Circuit Court of Bradford County, Florida. Since that time, appellant has moved to Levy County while appellee now resides in Escambia County. Appellant has primary custody of their infant child; appellee has visitation rights and is required to make support payments.
After falling behind in his child support payments, appellee was issued a notice by the Bradford County Circuit Court to appear on February 25, 1980 and show cause why he should not be held in contempt. On February 18th, appellee's attorney moved for and was granted a continuance until March 3, 1980. When neither appellee nor his attorney appeared at the March 3rd hearing, the court issued an order for appellee's arrest.
On February 28, 1980, while the Bradford County proceeding was still pending, appellee filed in the Escambia County Circuit Court a motion seeking to modify the child support payments as well as to alter the child custody arrangements of the final judgment of dissolution. Jurisdiction and venue were alleged under Florida Statutes § 61.14, which provides:
When the parties have entered into ... an agreement for payments for, or instead of, support, maintenance, or alimony ... or when a party is required by court order to make any payments, and the circumstances or the financial ability of either party has changed ... either party may apply to the Circuit Court of the circuit in which the parties, or either of them, resided at the date of the execution of the agreement or reside at the date of the application, or in which the agreement was executed or in which the order was rendered, for a judgment decreasing or increasing the amount of support, maintenance, or alimony, and the court has jurisdiction to make orders as equity requires... .
In response to the motion, appellant filed a motion to dismiss alleging that the Escambia County Circuit Court lacked both personal and subject matter jurisdiction. Appellant also filed a motion to transfer the action to Bradford County, where the cause of action arose and where the court had continuing jurisdiction. Relying primarily on § 61.14, the trial court denied both of appellant's motions.
The circumstances of this case seem to present a conflict between § 61.14 and common law jurisdictional rules. It is well established that the court which rendered the original judgment of dissolution, the Bradford County Circuit Court, has exclusive *350 jurisdiction of any petition seeking modification of child custody. Wells, in and for Walton County v. Ward, 314 So.2d 138 (Fla. 1975); Jones v. State ex rel. Greathouse, 241 So.2d 432 (Fla. 1st DCA 1970). In addition, the Bradford Court has continuing jurisdiction for the enforcement of its decree. In this case, a proceeding to enforce the original judgment was pending when the appellee filed in a different circuit a motion to modify the decree. On the other hand, § 61.14 provides that motions to modify support payments may be brought in the county where either of the parties reside even though the original decree was entered in another county. Sikes v. Sikes, 286 So.2d 210 (Fla. 1st DCA 1973).
The apparent conflict between § 61.14 and the jurisdictional rules governing child custody has already been resolved, however, by this Court. In Elliott v. Weyman, 337 So.2d 832 (Fla. 1st DCA 1976) we held that where a petition seeks modification of both child support and custody, a circuit court which had not entered the original judgment could not retain jurisdiction over either count. The reasoning in Elliott was set forth as follows:
Since the Circuit Court of Broward County is the only court having jurisdiction of the custody question which appellant has raised, this entire controversy should be determined by that court. It is illogical that one circuit court determine modification of child support while another, at the same time, determines child custody.
Id. at 833. Section 61.14 is not in conflict with the holding in Elliott. The legislature did not intend that § 61.14 require a court to take jurisdiction in all circumstances; under § 61.14, the court only "has jurisdiction to make orders as equity requires ... ." (Emphasis added.) Where a cause of action would be split between two different circuits, making an equitable determination of either part impossible, equity requires that only one circuit entertain the matter-the circuit where the original decree was rendered.
Even if the modification motion in this case had not involved child custody, § 61.14 could not justify the Escambia Court's retention of the proceeding in regard to a motion to modify support payments. Before the modification motion was filed in Escambia County, proceedings to enforce the original decree had already been initiated in Bradford County. Appellee had been validly served in the Bradford County action; his attorney had even appeared before the court in order to move for a continuance. With viable enforcement proceedings pending in Bradford County, the Escambia Court should not have retained jurisdiction of a petition to modify the same decree which the Bradford Court was seeking to enforce. Section 61.14 may not be manipulated to escape or ignore enforcement proceedings pending in a different county. Using the terminology of § 61.14 again, equity would require that the Escambia Court give deference to the Bradford County action.
We REVERSE the trial court's order denying the appellant's motion to dismiss. The cause now stands dismissed.
WENTWORTH, J., and LILES (Ret.), Associate Judge, concur.