561 So.2d 1310 (1990)
Juan TORRES, Appellant,
v.
Miriam TORRES, Appellee.
No. 90-44.
District Court of Appeal of Florida, Third District.
May 29, 1990.
*1311 Maurice Jay Kutner and Carolyn W. West, Miami, for appellant.
George E. Gelb, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
In 1986, the parties' marriage was dissolved by the Dade County Circuit Court in a judgment which granted the mother the primary physical custody of their then four year old daughter, Michelle. Later that year, after a ruling by a general master to which the father eventually agreed, Mrs. Torres and the child moved to Pensacola, Escambia County, where they have lived ever since. In 1989, Mr. Torres moved in the Dade County case for a modification of the judgment granting him custody of Michelle. In the order now under review, the trial judge transferred the modification proceeding to Escambia County pursuant to the forum non conveniens statute, section 47.122, Florida Statutes (1989).[1] The father appeals, but we affirm.
The father relies almost entirely upon the line of cases, of which the leading one is Wells v. Ward, 314 So.2d 138 (Fla. 1975), which indicates that, at least as a matter of initial jurisdiction, a Florida circuit court lacks authority  sometimes stated in terms of "jurisdiction"  to modify the custody provisions of an earlier dissolution judgment rendered by the circuit court of another county. Accord Spear v. Spear, 510 So.2d 371 (Fla. 3d DCA 1987); Lazar v. Lindsey, 510 So.2d 981 (Fla. 4th DCA 1987); Marshall v. Marshall, 404 So.2d 1182 (Fla. 2d DCA 1981); Haley v. Edwards, 233 So.2d 647 (Fla. 4th DCA 1970). Whatever the present status of the rule as applied to that particular situation,[2] it does not affect the present one, in which, as we see it, the venue of the modification controversy has been transferred from one county to another for the convenience of the parties and witnesses  particularly that of the little girl who lives in the transferee circuit and whose well-being is the sole issue involved. See § 47.122, Fla. Stat. (1989). Wells itself, which of course dealt solely with the issue of the authority of a circuit court to deal with an existing custody decree of another one, qualified its holding with the statement that:
There is ample provision for transfer of venue upon motion when justice would so indicate.
Wells v. Ward, 314 So.2d at 139. Taken in context, this language can mean only that while a "new" circuit cannot unilaterally and ab initio take jurisdiction of a proceeding for modification, that action, once properly commenced in the original court, may *1312 be transferred "when justice would so indicate." Wells, 314 So.2d at 139. That is just what section 47.122 provides,[3] and just what the trial court did here.
Indeed, correctly considered, there is not even a theoretical inconsistency in the two results. In the Wells model, the new circuit is precluded from taking jurisdiction over the custody matter without regard to and without the consent of the first court. In the present situation, in contrast, the Escambia court will be acting as an adjunct of the Dade County Circuit Court in dealing with the very same case originally filed there. By the same token, the Dade County Court has, by transferring the action, expressly consented to the modification of its judgment by the transferee circuit. See Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 178 F.2d 866, 868 (2d Cir.1950); 15 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3846, at 362 (1986) ("When an action is transferred it remains what it was and all further proceedings in it are merely referred to another tribunal... .").
Finally, we note that, if the mother and child had moved to another state, rather than another county, the Dade County Circuit Court would have been required to defer jurisdiction over the child to her new "home state" pursuant to the forum non conveniens provisions of the Uniform Child Custody Jurisdiction Act. Alvarez v. Alvarez (Fla. 3d DCA Case no. 90-648, opinion filed, April 12, 1990) [15 FLW 993]. It makes little sense, and less law, to apply a different jurisdictional analysis or to reach a different conclusion because the parties' new home is in a different part of Florida. See Williams v. Starnes, 522 So.2d 469, 473-74 (Fla.2d DCA 1988).
The husband also contends that the court abused the discretion conferred by section 47.122 by transferring the modification proceeding under the facts of this case. There is no merit in this argument. Florida Patient's Compensation Fund v. Florida Physicians' Ins. Reciprocal, 507 So.2d 778 (Fla.3d DCA 1987); Hughes Supply, Inc. v. Pearl, 403 So.2d 614 (Fla. 4th DCA 1981); Spalding v. Von Zamft, 180 So.2d 208 (Fla. 3d DCA 1965).
Affirmed.
NOTES
[1] Section 47.122 provides:

Change of venue; convenience of parties or witnesses or in the interest of justice.  For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.
[2] The issue of the continued viability of the black letter principles stated in Wells was certified as a question of great public importance in Williams v. Starnes, 522 So.2d 469, 474 (Fla. 2d DCA 1988), but the case was apparently not pursued to the supreme court.
[3] See supra note 1.