569 So.2d 1342 (1990)
Florence LEWIS, Appellant,
v.
John LEWIS, Jr., and the State of Florida, Department of Health and Rehabilitative Services, Appellees.
No. 90-1686.
District Court of Appeal of Florida, First District.
November 9, 1990.
Rehearing Denied December 3, 1990.
*1343 Bill A. Corbin, Blountstown, for appellant.
Joseph R. Boyd, William H. Branch, Chriss Walker, and Roosevelt Randolph, Tallahassee, for appellees.
SHIVERS, Chief Judge.
This is an appeal by appellant/wife of an order directing her to pay child support to appellee/husband. We affirm in part, reverse and remand.
The parties to this appeal were originally divorced in Brevard County in 1984, and husband was awarded custody of their four minor children. In either 1986 or 1987, both parties and the four children relocated to Calhoun County. Shortly thereafter, wife filed a petition seeking custody of the children and child support payments from husband. Husband filed a motion to dismiss, alleging lack of subject matter jurisdiction, and the motion was denied by the trial court. This court reversed the denial in Lewis v. Lewis, 516 So.2d 21 (Fla. 1st DCA 1987), holding:
The order denying appellant's motion to dismiss is reversed with directions that the trial court dismiss the petition for lack of jurisdiction. See Bailey v. Malone, 389 So.2d 348 (Fla. 1st DCA 1980); Elliott v. Weyman, 337 So.2d 832 (Fla. 1st DCA 1976); Jones v. State ex rel. Greathouse, 241 So.2d 432 (Fla. 1st DCA 1970).
516 So.2d at 21.
In 1989, Husband, along with HRS, filed a petition in Liberty County seeking: 1) child support payments from Wife for all four children and 2) reimbursement of AFDC (Aid to Families with Dependent Children) paid in support of the children. Wife then filed a motion to dismiss for lack of subject matter jurisdiction, alleging that only the Brevard County Circuit Court had jurisdiction of the case. The trial court denied the motion to dismiss, and a hearing was set for Husband's petition.
As of the date of the hearing, the parties' 15-year-old daughter had been living with Wife in Bay County for 14 months, and their 13-year-old son had been living with her for three days, having run away from Husband's home. The two youngest children lived with Husband and his new wife in Liberty County.
Testimony was introduced that Husband earned a gross biweekly salary of $665, while he and his new wife had a combined monthly income of $2,266.72. Wife, on the other hand, had a net monthly income of $400, which she earned by cleaning four houses per week. Wife testified that her doctor had limited her to cleaning no more than four houses after a 1989 back injury. Husband testified that he did not have the financial ability to support the three youngest children without assistance from Wife, while Wife testified that she did not have the financial ability to pay child support to Husband. Testimony was entered by a representative of HRS that the four children had received $1,312 in AFDC payments during a four-month period in 1985 when they lived with Husband. The representative also testified that she had no information regarding Wife's financial status. Using an imputed minimum wage of $658.16 per month and deducting taxes and FICA, however, the Department calculated a net monthly income for Wife of $549.81, and a corresponding support obligation for two children of $180.48 per month.
In a final order entered after the hearing, the trial court directed Wife to pay $180 per month in child support for the three youngest children, $20 per month toward the past AFDC payments of $1,312, and Husband's attorney's fees.
Wife first argues that the Circuit Court in Liberty County lacked jurisdiction to hear Husband's petition since this court had previously ruled, in Lewis v. Lewis, *1344 supra, that jurisdiction lay in Brevard County. We disagree. It is well established that the court which issues the original judgment of dissolution has exclusive jurisdiction over petitions seeking modification of child custody. Wells, in and for Walton County v. Ward, 314 So.2d 138 (Fla. 1975); Jones v. State ex rel. Greathouse, 241 So.2d 432 (Fla. 1st DCA 1970). Petitions to modify support payments, on the other hand, may be brought in the county where either party resides, even though the original decree was entered in a different county. Sikes v. Sikes, 286 So.2d 210 (Fla. 1st DCA 1983). Where a petition seeks modification of both custody and support, however, the circuit court which entered the original judgment must hear the matter, Elliott v. Weyman, 337 So.2d 832 (Fla. 1st DCA 1976), the reason being:
Where a cause of action would be split between two different circuits, making an equitable determination of either part impossible, equity requires that only one circuit entertain the matter  the circuit where the original decree was rendered.
Bailey v. Malone, 389 So.2d 348, 350 (Fla. 1st DCA 1980).
As in Bailey, supra, the original Calhoun County petition filed by Wife involved issues of both custody and support. This court's decision in Lewis v. Lewis, supra thus relied on the Bailey and Elliott decisions and reversed the trial court's denial of Husband's motion to dismiss, the result being to establish jurisdiction in Brevard County of both issues. See also Marshall v. Marshall, 404 So.2d 1182 (Fla. 2d DCA 1981); Williams v. Starnes, 522 So.2d 469 (Fla. 2d DCA 1988); Torres v. Torres, 561 So.2d 1310 (Fla. 3d DCA 1990). The 1989 Liberty County petition filed by Husband, however, contained no custody issue, and sought only support and reimbursement to HRS of past AFDC payments. According to both Bailey and section 61.14, F.S., then, the petition could have been properly filed in either Brevard, Bay, or Liberty Counties.
Having found that the Circuit Court had jurisdiction of Husband's petition, we nonetheless reverse and remand the order directing Wife to pay child support. According to section 61.30(2)(b) of the Child Support Guidelines, income will be imputed to an unemployed or underemployed parent "when such employment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control." Because Wife presented undisputed testimony that her limited income was the result of a 1989 back injury, the trial court erred in accepting the HRS representative's imputed income calculation of $549.81 per month.
Second, since neither the order nor the hearing transcript gives any indication as to how the court decided that Wife should pay $180 per month in child support, it is impossible for this court to determine whether the child support guidelines of section 61.30 were properly applied. Although it appears that the trial court adopted the testimony of the HRS representative that Wife would have a support obligation of $180.48 per month, the record also fails to indicate how HRS arrived at that figure. In any event, it appears that the HRS figure was based on imputed income, which we have determined to be improper in this case.
Third, neither the order nor the hearing transcript indicates that the trial court gave consideration to such other relevant factors as Wife's ability to pay, the needs of the children, Husband's ability to provide for the children's needs, or the children's ages. Reed v. Reed, 541 So.2d 755 (Fla. 1st DCA 1989).
And, fourth, although the record establishes that only two of the children were living with Husband at the time of the hearing, the trial court directs Wife to pay support for the three youngest children. The order also contains a paragraph directing Husband to immediately release the clothing of the 13-year-old son to Wife, indicating that the court was aware that the son was living with Wife when it ordered her to pay support for that child to Husband.
*1345 We therefore reverse and remand the order for the trial court to make specific findings of fact regarding Wife's ability to pay, the children's needs, and Husband's ability to meet those needs. If the court determines that Wife is to pay child support to Husband, the order should indicate how that amount was determined so that effective appellate review of the amount can take place. The order should also be corrected to reflect that only two of the children were residing with Husband at the time of the hearing.
Assuming the court again finds Wife to be liable for child support, we affirm that portion of the order directing Wife to reimburse HRS for past AFDC payments. Wife does not argue on appeal that she should not be responsible for repayment of the debt, but argues only that she and Husband should bear equal responsibility for such repayment. Section 409.2561(4), F.S., however, expressly excludes the custodial parent from liability for reimbursement. State Department of Health and Rehabilitative Services v. D'Andrea, 542 So.2d 1369 (Fla. 2d DCA 1989).
SMITH and NIMMONS, JJ., concur.