PER CURIAM.
The Department of Health and Rehabilitative Services (HRS) seeks a writ of prohibition barring the respondent from exercising jurisdiction over R.M., a minor child. We grant the petition.
In 1991 R.M. was adjudicated dependent by Bay County Circuit Judge Judy Pittman. One provision of Judge Pittman’s order was that R.M. would be placed “in the temporary custody, care, and control” of her great-uncle and his wife, who reside in Tampa. Judge Pittman also took care to “retain[ ] jurisdiction over the parties hereto and the subject matter hereof and to make such other and further orders as the court may deem necessary and proper.”
R.M.’s great-uncle petitioned for dissolution of marriage in April, 1993. That pending action is assigned to respondent in his capacity as a judge of the family law division of the Hillsborough County circuit court. The great-uncle has asked for, inter alia, “primary residential care” of R.M. A subsequent motion alleged that the great-aunt had absented herself from the marital home, tak *1293 ing R.M. with her. Respondent has granted the great-uncle’s motion for return of the child, despite the suggestion by HRS that jurisdiction over the child remains with Judge Pittman.[1]
HRS asserts, and we agree, that the respondent lacks the power to “exercise jurisdiction over a child previously adjudicated dependent in another circuit,” particularly since the child is not the natural child of either party in the dissolution proceeding.' See, e.g., Wells v. Ward, 314 So.2d 138 (Fla. 1975); Williams v. Starnes, 522 So.2d 469 (Fla.2d DCA 1988); Torres v. Torres, 561 So.2d 1310 (Fla.3d DCA 1990). This conclusion would be different had the Bay County court allowed the formal adoption of the child by the great-uncle and his wife. However, as noted, that court’s order gave only temporary custody, after a finding it was in the child’s immediate best interests to reside with her relatives in Tampa. The rights of the natural parents were not severed and Judge Pittman clearly intended to continue jurisdiction over the dependency matter.
Regrettably, the record before us is less than complete, such that we do not know the extent to which respondent intends to superintend the living arrangements of R.M. We have been provided with one order acknowledging that Judge Pittman “has previously exercised jurisdiction,” suggesting respondent may have concluded Judge Pittman’s responsibilities have ended. Respondent’s apparent reliance on section 61.13(2)(c), Florida Statutes (1993), also supports this conclusion.[2]
On the other hand, it may well be that respondent intends to proceed no farther than the enforcement of his order temporarily returning R.M. to her great uncle. Even so, this action overlaps and quite possibly supersedes Judge Pittman’s previous order. Presiding over the pending divorce of R.M.’s temporary custodians is, unquestionably, the proper and exclusive responsibility of respondent. However, to the extent that action has engendered a dispute over where R.M. should reside, and may involve the rights of parties not subject to the jurisdiction of respondent’s court, it also presents issues which are more properly Judge Pittman’s to resolve. The petition for writ of prohibition is granted and this case is remanded to circuit court for further proceedings consistent with this opinion.
Petition granted.
HALL, A.C.J., PATTERSON and BLUE, JJ., concur.

. In the course of the dissolution proceeding serious allegations were made against the great-uncle. These prompted the Hillsborough County branch of HRS — which describes itself as engaging in “courtesy supervision” of R.M. — to request that R.M. be placed in shelter care. The HRS petition was considered by the juvenile court judge, who appears to have deferred to respondent. It is unclear to what extent the merits of the allegations have been scrutinized below. Because the present action is confined to the question of respondent's authority to award custody of R.M., we express no opinion whether the allegations, if true, would constitute a basis for de novo dependency jurisdiction in Hillsborough County.

. Created by Ch. 93-188, § 1, Laws of Fla., this section appears to have been enacted in response to some of the cases cited in the HRS petition. It bestows concurrent jurisdiction for modifying child custody upon (1) the court within whose circuit one or more parents resides, (2) the circuit where the child resides, and (3) the circuit that originally awarded custody. This statute applies only to children of a marriage and not children who are in someone's temporary custody due to an ongoing dependency case.