110 So.2d 33 (1959)
John SCHRANER, Appellant,
v.
Betty SCHRANER (EMERSON), Appellee.
No. B-43.
District Court of Appeal of Florida. First District.
March 31, 1959.
*35 Earl R. Duncan, Panama City, for appellant.
W. Fred Turner, Panama City, for appellee.
WIGGINTON, Judge.
This is an appeal from an order of the chancellor modifying the visitation and custody provisions of a final decree of divorce dated June 8, 1957. Plaintiff wife, a resident of Florida, was granted a divorce from defendant husband, now residing in Indiana, and awarded custody of and support for their minor child. The husband was allowed the right of visitation and granted the privilege of having temporary custody of the child for stated periods of time under specified conditions provided for in the decree.
On September 2, 1958, the wife filed a petition alleging that the husband had failed to comply with the provisions of the final decree, and had violated the conditions of the decree under which he had been granted temporary custody of the minor child. The wife prayed for modification of the final decree by withdrawing the husband's right of visitation and temporary custody.
A copy of the petition and notice of hearing were mailed to defendant at his residence in Indiana. Pursuant to this notice, he specially appeared by counsel and questioned the lower court's jurisdiction to consider the petition on the ground that he had not been properly served with process as required by law. This objection was overruled whereupon the husband's counsel withdrew from the hearing and refused to further participate therein. Upon the basis of testimony offered by the wife, the chancellor entered his order modifying the final decree by deleting therefrom the provisions granting visitation rights to the husband until further order of the court.
It is appellant's contention that the petition for modification was filed pursuant to the statute granting to circuit courts the right to entertain petitions for modification of divorce decrees and to make such orders and judgments as justice and equity shall require.[1] Appellant asserts that inasmuch as the final decree of divorce contained no provision by which the court retained jurisdiction of the cause, the petition for modification was, in effect, a new cause of action. Therefore, it is contended, the plaintiff wife could proceed only after service of process had been effected on defendant in the manner prescribed by law. In essence, appellant takes the position that the notice served on him by mail at his residence in Indiana was insufficient to give the court jurisdiction to enter the order of modification.
Our Supreme Court has held that a final decree of divorce closes the suit and if jurisdiction is not retained by the court, the final decree becomes absolute. In such instances, the filing of a petition for modification is the commencement of a new suit and under the provisions of F.S. § 65.15, F.S.A., one filing such a petition may only proceed with the cause after service of process on the respondent, or after his voluntary appearance.[2]
It has been recognized, however, that if provision is made in the final decree of divorce whereby the court retains jurisdiction of the cause, a petition for modification of the decree is considered but a supplemental step in the proceedings, and the court may proceed to hear and determine such a petition if respondent has actual though informal notice of the proceeding. Under such circumstances, formal service *36 of process in the manner provided by the statute is not necessary.[3]
We cannot agree that the petition for modification considered in this case was filed pursuant to the provisions of § 65.15. That statute deals only with the modification of the provisions of a final decree of divorce relating to separate support, maintenance or alimony, and does not apply to the terms of a decree touching upon the custody of minor children.
It is our view that the petition for modification here considered was filed pursuant to the provisions of § 65.14, which authorizes the circuit courts, in suits for divorce or alimony, to make such orders, at any stage of a cause, touching the care, custody and maintenance of the children of the marriage as the best interest of the children may require.
Jurisdiction to modify a divorce decree as to the custody of minor children is not dependent upon an expressed reservation in the decree of such jurisdiction. On the contrary, the custody of a minor child of divorced parents is properly considered at any time by the court which granted the decree. This is so, independent of statute, for the reason that when chancery once acquires jurisdiction over a subject matter, it will continue to exercise that jurisdiction so long and so often as the occasion may require for the purpose of making its decree effective and for the granting of full and final relief in the premises. A court of chancery has inherent jurisdiction to control and protect infants and their property, and such court may exercise its continuing jurisdiction to modify its decree as to the custody of the children until the children reach their majority.[4] Although decrees respecting the custody and support of children are ordinarily concomitant to a decree of divorce, that portion of the decree respecting custody of the children stands on a different footing from that portion dissolving the bonds of matrimony. The former is, in a sense, interlocutory, and may be modified from time to time as the welfare of the children requires.
Thus, in proceedings to modify the provisions of a divorce decree touching the custody of minor children, it is not necessary to serve new process on the adverse party, although such party is entitled to adequate notice and opportunity to be heard before such decree may be altered in a manner that will directly affect his person, status or property.[5]
It appears from the record in this case that a copy of the petition for modification and notice of hearing thereon were mailed to the defendant at his correct address in the State of Indiana ten days prior to the date set for the hearing. That defendant had adequate notice is shown by the fact that he specially appeared at the hearing by counsel, and participated to the extent of objecting to the court's jurisdiction. The chancellor was therefore correct in holding that the informal notice actually served on defendant met the requirements of due process.
For the foregoing reasons the order appealed from is found to be free of error and is accordingly affirmed.
STURGIS, C.J., and CARROLL, DONALD, J., concur.
NOTES
[1] F.S. § 65.15, F.S.A.
[2] Kosch v. Kosch, Fla.App. 1958, 106 So.2d 600; Cohn v. Cohn, 151 Fla. 547, 10 So.2d 77, 143 A.L.R. 428; Norton v. Norton, 131 Fla. 219, 179 So. 414.
[3] Marshall v. Bacon, Fla. 1957, 97 So.2d 252; Watson v. Watson, Fla. 1956, 88 So.2d 133.
[4] Cone v. Cone, Fla. 1953, 62 So.2d 907.
[5] Grant v. Corbitt, Fla. 1957, 95 So.2d 25.