233 So.2d 647 (1970)
Richard S. HALEY, Petitioner,
v.
Hon. Claude R. EDWARDS, Circuit Judge of the Ninth Circuit in and for Orange County, Florida, Respondent.
No. 69-553.
District Court of Appeal of Florida, Fourth District.
March 25, 1970.
Rehearing Denied April 30, 1970.
Ronald A. Cyril of Nelson, Stinnett, Surfus, Korp & Payne, Sarasota, for petitioner.
Cecil H. Brown of Sutton & Brown, Orlando, for respondent.
McCAIN, Judge.
Petitioner seeks a writ of prohibition against respondent asserting the latter's lack of jurisdiction to proceed in this cause. We agree.
This action arises from a complaint filed by Blanche J. Guthrie, the former Mrs. Richard S. Haley, in the Orange County Circuit Court. She alleged her marriage *648 to petitioner and their divorce on August 7, 1968, in Sarasota County. The divorce decree incorporated by reference an agreement which gave custody of the minor children to petitioner with reasonable visitation privileges to the mother. Mrs. Guthrie also alleged she signed this agreement through fear instilled by petitioner. The complaint further alleged the children were with her as the result of a contemporaneous oral agreement, giving her custody subject to petitioner's reasonable visitation rights, and with $20.00 a week child support, which she contended was in arrears.
Mrs. Guthrie asked for: a hearing without notice to petitioner; a restraining order to enjoin him from removing or attempting to remove the children; ratification and confirmation of the oral agreement, thereby leaving the children in her custody; $30.00 per week maintenance and support for the children; an order that petitioner pay $300.00 arrearages for back child support and maintenance; and her reasonable attorney's fees.
Alternatively she asked for modification of the original agreement to award her custody of the children and to require petitioner to pay support.
A temporary restraining order was granted June 10, 1969. Two days thereafter petitioner filed proceedings in the Sarasota County divorce action seeking Mrs. Guthrie's contempt of the court order of August 7, 1968.
On June 23, 1969, petitioner filed a motion to dismiss the case pending in Orange County, in which he attacked the court's jurisdiction to proceed and raised the question of venue. He asked that the injunction be dissolved.
A contempt hearing was held in Sarasota County on July 1, 1969, at which time Mrs. Guthrie filed a motion to stay. The motion to stay was granted six days later and on the same day respondent, Circuit Judge of Orange County, held a hearing on petitioner's motion to dismiss for lack of jurisdiction.
On July 9, 1969, respondent: denied the motion to dismiss; modified the restraining order to grant petitioner a visit with the children for two weeks; and reserved the question of venue.
On August 7, 1969, petitioner moved for dissolution of the temporary restraining order and asked for additional visitation privileges. On August 15, 1969, the court decreed certain visitation privileges which petitioner accepted. On August 21, 1969, the court amended its order of August 15 and allowed visitation privileges every other weekend starting September 12, 1969. At time of hearing on petitioner's motion for additional visitation privileges, it was also suggested by the court, that an order be entered as contemplated by Section 61.20, F.S. 1967, F.S.A.[1] Counsel for the parties had no objection. An order was prepared but was not entered prior to receipt of the Rule Nisi issued by this court in prohibition proceeding which commenced August 15, 1969.
Section 61.13, F.S. 1967, F.S.A. gives the court in a divorce suit the power to award custody. This section provides:
"61.13 Custody of children, etc., power of court in making orders.  In any action *649 for divorce or alimony the court has power at any stage of the action to make such orders about the care, custody and maintenance of the children of the marriage, and what security, if any, is to be given therefor, as from the circumstances of the parties and the nature of the case is equitable."
The continuing jurisdiction of the court to modify a divorce decree as to custody has been recognized. Cone v. Cone, Fla. 1953, 62 So.2d 907, Schraner v. Schraner, Fla.App. 1959, 110 So.2d 33.
In Schraner our sister court stated:
"* * * [T]he custody of a minor child of divorced parents is properly considered at any time by the court which granted the decree. This is so independently of statute for the reason that when chancery once acquires jurisdiction over a subject matter, it will continue to exercise that jurisdiction so long and so often as the occasion may require for the purpose of making its decree effective and for the granting of full and final relief in the premises. A court of chancery has inherent jurisdiction to control and protect infants and their property, and such court may exercise its continuing jurisdiction to modify its decree as to the custody of the children until the children reach their majority."[2]
We hold as does the weight of authority[3] that the continuing jurisdiction of the divorce court over its custody award is exclusive.
When an original custody decree has been entered in a sister state, the reasons for recognizing a continuing exclusive jurisdiction do not apply. Since there should always be a court to protect an infant's interest in the state where he is located, if he is in Florida his welfare requires Florida courts to have jurisdiction over his custody. DiGiorgio v. DiGiorgio, 1943, 153 Fla. 24, 13 So.2d 596. When an original decree has been entered in Florida there will always be a court with authority to act in this state.
In child support cases the legislature has afforded the means of enforcing or modifying the same in courts other than the one in which the original decree was entered, Section 61.17, F.S., F.S.A., however, similar treatment has not yet been extended to modification of custody decrees.
The original child custody decree involved herein was entered by the circuit court in Sarasota County, and for reasons above set forth the writ of prohibition herein sought is issued, the respondent be and is hereby prohibited, enjoined and restrained from further proceedings in this cause except for vacating all orders heretofore entered pertaining to the custody and visitation of the minor children which is hereby directed.
REED and OWEN, JJ., concur.
NOTES
[1] Section 61.20, F.S. 1967, F.S.A. Social investigation and recommendations when child custody is in issue.  In any action where the custody of a minor child is in issue, the court may request the state welfare department to make an investigation and social study concerning all pertinent details relating to the child and each parent. The state welfare department shall furnish the court with a written report with its recommendation with a written statement of facts found in its social investigations on which its recommendations are based. The court may consider the information contained in the report in making a decision on the child's custody and the technical rules of evidence do not exclude such report from consideration.
[2] In this state where there is concurrent jurisdiction, the one first exercising jurisdiction acquires control to the exclusion of the other. Martinez v. Martinez, 1943, 153 Fla. 753, 15 So.2d 842.
[3] Ladner v. Ladner, Miss. 1968, 206 So.2d 620; Mayhew v. Mayhew, 1964, 52 Tenn. App. 459, 376 S.W.2d 324; Clinkscales v. Clinkscales, 1963, 243 S.C. 377, 380, 134 S.E.2d 216; Greene v. Superior Court, 1951, 37 Cal.2d 307, 231 P.2d 821. See 146 A.L.R. 1167. In Frye v. Frye, Fla. App. 1967, 205 So.2d 310, we stated: "The law is settled that once a court makes a custodial determination it retains jurisdiction to modify its custody orders at any time prior to the child's majority * * * This continuing jurisdiction to modify its own decree is generally considered exclusive to the divorce court."