HOBSON, Chief Judge.
The appellant takes this interlocutory appeal from an order of the trial court denying her motion to dismiss appellee’s petition to modify his visitation privileges with their two minor children. Appellant’s motion to dismiss was based on the ground that the Circuit Court in and for Hills-borough County, Florida, lacked personal jurisdiction over the appellant and the minor children and also lacked jurisdiction of the subject matter by virtue of a stipulation and property settlement agreement entered into between the appellant and ap-pellee. The parties were initially before the Probate Court for Hampden County, Massachusetts, which court in a decree for separate support granted custody of the two minor children to the appellant with visitation rights to the appellee. Subsequently, the appellant and appellee were granted a final decree of divorce by the Circuit Court in and for Monroe County, Florida. The final decree of the Monroe County Circuit Court provided in part as follows:
“4. That the property settlement agreement entered into by and between the *513 parties be, and is hereby ratified and confirmed, and made a part hereof as if fully set out haec verba.”
The property settlement agreement referred to in the final decree of the Monroe County Circuit Court provided in part as follows:
“IT IS FURTHER STIPULATED AND AGREED by and between the parties to this agreement that the ‘Husband’ will have the rights of visitation with the children to this marriage, and the same privileges as the Decree entered in Hampden County, Massachusetts Probate Court of Springfield, and there will be no modification of this clause until the children have reached the age of fourteen (14) years.”
* * * * * *
“(a) Regarding any enforcement of the provisions of this agreement and relative to this cause of action and to the enforcement of the Final Judgment rendered herein, if any, will be brought in Hillsborough County, Florida, and the Circuit Court of Monroe County, Florida, is hereby petitioned to, and it is stipulated that this cause be transferred to the Circuit Court of Hillsborough County, the first Court in the State of Florida to obtain jurisdiction of the parties hereto and by virtue of the former Orders of that Court and which Court retains jurisdiction for the purposes hereof.
“(b) That any Petitions for Modification of this Agreement must be, as a condition precedent thereto, brought in the Probate Court in and for Hampden County, Massachusetts, and the decisions of said Court will bind both parties.”
After the entry of the final decree, the appellant brought an action in the Circuit Court in and for Hillsborough County, Florida, to enforce certain provisions of the final decree. This action was brought in Hillsborough County, Florida, in accordance with the property settlement agreement. However, it also appears from the record that the appellee at the time of the institution of that action was a resident of Hillsborough County, Florida. The record reveals that the appellee appeared in that action and that no opposition was raised to the jurisdiction of the Hillsbor-ough County Circuit Court. The Hills-borough County Circuit Court entered an order in appellant’s action favorable to her which held that the appellee had not complied with the final decree of the Monroe County Circuit Court and ordered the appellee to comply with said final decree and, in addition thereto, to make all future payments of alimony and child support to the Support Department of the Clerk of the Circuit Court of Hillsborough County. This order was entered on January 20, 1969.
Subsequently the appellee, in April 1969, filed his petition and amended petition to modify his visitation privileges with the two minor children. The appellee filed these petitions in the same action which the appellant had brought against him in Hillsborough County to enforce the final decree of the Monroe County Circuit Court.
The appellant contends that her petition to enforce the final decree and the subsequent disposition of said petition by the final order thereon entered by the Hills-borough County Circuit Court on January 20, 1969, did not reserve jurisdiction of the parties and could not be used as a vehicle to acquire personal jurisdiction over her. It should be noted at the outset that the trial judge had before him, when he denied the motion to dismiss, a copy of the final decree of the Monroe County Circuit Court, which copy showed that the Monroe County Circuit Court had transferred the cause to the Circuit Court, in and for Hillsborough County, Florida. However, in truth and fact the final decree as entered in Monroe County shows that the paragraph therein which transferred the *514 cause to Hillsborough County was stricken by the Circuit Judge in Monroe County. This, in effect, left the cause in Monroe County.
The law of Florida is well settled that the Circuit Court, in and for Monroe County, Florida, retains jurisdiction to modify its custody orders, which would include visitation privileges, until such time as the minor children reach their majority. This is a continuing jurisdiction and is generally considered to be exclusive in the divorce court.[1]
We can easily conceive how the trial court, relying on the incorrect copy of the Monroe County Circuit Court’s final decree which purportedly transferred the cause to Hillsborough County, would conclude that the Hillsborough County Circuit Court had jurisdiction to modify the Monroe Court’s final decree. However, such transfer was not accomplished, in fact it was specifically stricken, the effect of which leaves the continuing jurisdiction in the Monroe County Circuit Court.
The entry of the order of the Hills-borough Circuit Court on appellant’s petition to enforce the final decree was a final disposition of said action which did not touch upon the custody or visitation privileges of the minor children and, therefore, cannot be used to acquire jurisdiction over the appellant or the minor children so as to legally entertain the appellee’s petition to modify his visitation privileges.
The appellant is a resident of the State of Massachusetts and no service of process was in any way made upon the appellant by the appellee in his action filed in Hills-borough County to modify the final decree of the Monroe County Circuit Court.
For the foregoing reasons, we hold that the lower court did not have jurisdiction over the appellant to entertain this cause and in view of this holding the appellant’s other contentions are rendered moot.
Reversed.
MANN and McNULTY, JJ., concur.

. Frye v. Frye, Fla.App.1967, 205 So.2d 310, and cases cited therein.