PER CURIAM.
Appellant seeks reversal of an order entered in the lower court holding him in contempt for failure to comply with an earlier post-decretal order providing for child support payments. It is contended that the latter order was invalid for want of jurisdiction because the trial judge had made no adjudication relating to the subject child at the time the final decree was entered.
We believe the question presented was decided adversely to appellant by this court in Schraner v. Schraner, 110 So.2d 33 (1959). There we stated the rule to be, at page 36:
“ * * * in proceedings to modify the provisions of a divorce decree touching the custody of minor children, it is not necessary to serve new process on the adverse party, although such party is entitled to adequate notice and opportunity to be heard before such decree may be altered in a manner that will directly affect his person, status or property.”
The facts in the case sub judice show that appellant was present before the court at the time the questioned support order was rendered, he having filed a petition seeking modification of his visitation rights relating to another child.
Accordingly, we hold that the support order not complied with by appellant was a valid order and should have been complied *231 with by the appellant. Failure to do so rendered him subject to contempt proceedings.
The order holding appellant to be in contempt of court is therefore
Affirmed.
CARROLL, DONALD K., Acting C. J., and WIGGINTON and SPECTOR, JJ., concur.