374 So.2d 29 (1979)
Martha Sue ADAMS, Appellant,
v.
James K. ADAMS, Appellee.
No. 79-765.
District Court of Appeal of Florida, Third District.
July 10, 1979.
Rehearing Denied September 6, 1979.
*30 Pennington, Wilkinson, Gary & Dunlap and Everett P. Anderson, Tallahassee, for appellant.
Ferrell & Ferrell, Miami, for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
PER CURIAM.
In this domestic relations matter, the parties were divorced in 1975. The mother was given custody of the minor child, who is now five years old. The husband was ordered to pay support. She moved to Tallahassee, placed the child in the custody of her parents, and directed the father to make the support payments direct to her parents.
The father subsequently remarried and, in 1979, filed a petition to modify the original custody order in the original divorce proceedings in Dade County. The mother filed a motion to change venue to Leon County, her present residence and the place of residence of the minor child. The trial judge denied the change of venue.
Counsel for the appellant recognizes that normally matters of a change of custody in this type of proceedings go back to the court that originally entered same. Poliak v. Poliak, 235 So.2d 512 (Fla. 2d DCA 1970); Elliott v. Weyman, 337 So.2d 832 (Fla. 1st DCA 1976). His principal complaint is that the lady is indigent and that the Uniform Child Custody Act, enacted in 1977, should apply to intrastate proceedings as well as interstate proceedings. The express language of the statute, Section 61.1304, Florida Statutes (1977), specifically indicates that the law is applicable only to interstate custody squabbles and not to intrastate. Therefore, we find no merit in this argument.
As to the question of indigency, the trial court has the power upon proper petition to provide the mother with suit money and attorney's fees to defend any modification order. Wilner v. Wilner, 167 So.2d 234 (Fla. 3d DCA 1964); Section 61.16, Florida Statutes (1977).
Therefore, the order denying a change of venue is affirmed.
Affirmed.