378 So.2d 812 (1979)
Evelyn TRUJILLO, Appellant,
v.
Frank Alberto TRUJILLO, Appellee.
No. 79-618.
District Court of Appeal of Florida, Third District.
December 11, 1979.
Rehearing Denied January 18, 1980.
*813 Legal Aid Society and Irene Redstone, Miami, for appellant.
Daniel M. Keil, Hialeah, for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
*814 NESBITT, Judge.
Appellant challenges orders discharging a petition for writ of habeas corpus and granting a change of child custody from the mother to the father.
The parties were divorced and the mother, appellant, secured permanent custody of the parties' son by order of the New York Supreme Court entered March 3, 1975. The child was born December 1, 1970, in the City of New York and has spent his entire life there. After disputes over payment of child support and custody, the father moved to Miami in 1976. During the month of December 1978, the father had visitation privileges with his son in the City of New York. During such a visit, he took the child shopping, and without advice or consent of the mother, spirited him to Miami.
Appellant journeyed to Miami and commenced a petition for writ of habeas corpus to secure custody of the child based upon the out of state custody decree. After the hearing, the court awarded custody to the mother. The child was to be delivered to her in chambers on January 13, 1979. At the appointed time, the father advised the court that the mother had been arrested on drug charges in the State of New York. The mother denied the charges. Out of concern for the child's welfare, the court stayed its order and temporarily allowed the child to remain with the father until a hearing on January 15, 1979. Due to travel difficulties, the mother was unable to attend the scheduled hearing. At the hearing, the court summarily denied the petition for writ of habeas corpus and awarded interim custody of the boy to his father.
By petition for rehearing, and over the mother's objection, the court undertook to conduct a full evidentiary hearing on modification of the New York custody degree. At that hearing, the mother offered a certified copy of an order dismissing the drug charges against her from the State of New York. Over the mother's objection, the certified copy was excluded from evidence.[1] At the conclusion of the hearing, the court adhered to its previous ruling by entering an order discharging the petition for writ of habeas corpus and an order changing custody from the mother to the father. This appeal ensued.
Appellant contends that the trial court erred by discharging the petition for writ of habeas corpus and modifying the custody decree by changing custody from the mother to the father where it was without jurisdiction and where no pleading directed to that issue was filed and served upon her. We agree.
This case is governed by the Uniform Child Custody Jurisdiction Act, Section 61.1302-61.1348, Florida Statutes (1977), hereinafter referred to as the "Act." The Act is concerned only with jurisdictional aspects of interstate custody disputes.[2]
The salutary purpose of the Act is to avoid jurisdictional competition and conflicts; promote cooperation of the courts; assure that litigation concerning child custody ordinarily takes place in the state in which the child has the closest connection; discourage controversies and abductions; avoid relitigation of child custody decisions; and facilitate enforcement of child custody decrees.[3]
In construing the Act, the court should do so to effectuate its purpose[4] in an effort to avoid provincialism.
The jurisdictional nexus of the Florida courts to make initial child custody determination or to modify an existing decree has been expressly enumerated in the Act.[5] Therein, the common law rule that physical presence of the child or one or more of the contestants alone is sufficient *815 to confer jurisdiction has been abrogated[6] unless the child has been abandoned[7] or unless an emergency exists to protect the child from mistreatment, abuse or neglect.[8] Where jurisdiction of a Florida court is conferred,[9] it should nonetheless decline to exercise the same where there is a prior pending petition in another state[10] or where Florida is an inconvenient forum[11] or because of misconduct of the petitioner.[12] Florida courts are mandated to recognize and enforce out of state custody decrees rendered in another state which had assumed jurisdiction under statutory provisions substantially in accordance with the Act or which decree is made under factual circumstances meeting the jurisdictional standards of the Act until such decree is properly modified.[13] Another provision of the Act[14] requires that Florida courts defer to the continuing jurisdiction of another state to modify its decree so long as it has continuing jurisdiction substantially in accordance with the Act unless it declines to exercise jurisdiction.[15] A contestant petitioning for an initial determination, enforcement, or modification of an out of state custody decree is required to serve his pleadings upon persons outside the state[16] and otherwise afford notice and opportunity to be heard to the party who has physical custody of the child.[17]
In the present case, the petition for habeas corpus[18] was initially and correctly granted because the New York custody decree was entitled to enforcement.[19] When the court's attention was directed to the mother's alleged lack of fitness and suitability due to drug involvement, it properly stayed its order and awarded interim custody to the father pending resolution of the matter.[20] However, when the mother offered a certified copy of an order of the New York court dismissing drug charges against her, all jurisdictional bases available under the Act were dissipated. Florida was not the child's home state nor had he been here for a period of six months prior to the commencement of the proceeding. It was not in the best interests of the child that the court assume jurisdiction because there was no significant connection between the child and the State of Florida. Additionally, there was no substantial evidence, concerning the child's present or future welfare, available in this state. The child's only connection was with the City of New York. Without any jurisdictional basis to entertain modification proceedings, the court should have summarily enforced the New York decree.[21]
Even if the trial court had proper jurisdiction to entertain modification proceedings and it was not required to defer to the jurisdiction of another state, it was nonetheless error to do so because no pleading *816 to that issue had ever been filed and served upon the mother.[22]
For the foregoing reasons, the orders appealed from are reversed with directions to grant the petition for writ of habeas corpus and deliver custody of the child forthwith to the mother.
Reversed and remanded.
NOTES
[1] Admissible in evidence pursuant to § 92.10, Fla. Stat. (1977). Effective date of repeal extended by Ch. 78-379, § 1, Laws of Fla.
[2] Adams v. Adams, 374 So.2d 29 (Fla. 3d DCA 1979).
[3] § 61.1304, Fla. Stat. (1977).
[4] § 61.1304, Fla. Stat. (1977).
[5] § 61.1308, Fla. Stat. (1977).
[6] § 61.1308(2), Fla. Stat. (1977).
[7] § 61.1308(1)(c) 1, Fla. Stat. (1977).
[8] § 61.1308(1)(c) 2, Fla. Stat. (1977).
[9] § 61.1308, Fla. Stat. (1977).
[10] § 61.1314, Fla. Stat. (1977).
[11] § 61.1316, Fla. Stat. (1977).
[12] § 61.1318, Fla. Stat. (1977).
[13] § 61.1328, Fla. Stat. (1977).
[14] § 61.133, Fla. Stat. (1977).
[15] Section 61.1326 makes custody decrees rendered by Florida courts res judicata as to all matters determined affecting parties who were served or notified in accordance with the provisions of the Act. Under this section, other states will presumably recognize and enforce Florida custody decrees.
[16] § 61.1312, Fla. Stat. (1977).
[17] § 61.131, Fla. Stat. (1977).
[18] Although this remedy was not challenged, it was improvidently employed. Habeas corpus is ordinarily not resorted to where there is another available and adequate remedy. 15 Fla.Jur., Habeas Corpus, § 14. The Act variously refers to a "pleading" (§ 61.132, Fla. Stat.) and to the "petitioners" (§ 61.1318, Fla. Stat.). A petition which meets the requirements of Fla.R.Civ.P. 1.100 satisfies the Act.
[19] § 61.1328, Fla. Stat. (1977).
[20] § 61.1308(1)(c) 2, Fla. Stat. (1977).
[21] § 61.1328, Fla. Stat. (1977).
[22] § 61.131 and § 61.1312, Fla. Stat. (1977).