404 So.2d 1182 (1981)
James G. MARSHALL, Appellant,
v.
Evelyn J. MARSHALL, Appellee.
No. 81-796.
District Court of Appeal of Florida, Second District.
October 23, 1981.
*1183 Preston DeVilbiss, Jr., of Adams, DeVilbiss, Vorbeck & Wood, Sarasota, for appellant.
L. Norman Vaughan-Birch of Kirk, Pinkerton, Savary, Carr & Strode, P.A., Sarasota, for appellee.
GRIMES, Judge.
Appellant attacks the jurisdiction of the court which awarded a temporary change in custody of his minor child.
The parties divorced in Alachua County, and appellee received custody of the minor child. Thereafter, custody of the child was changed to appellant, but appellee is now seeking to regain custody. Since appellant and the child live in Sarasota County, and appellee has moved to Manatee County, she filed the petition for modification in Sarasota County. The court held a hearing shortly after the filing of the petition and then entered the order temporarily changing custody to her. We have jurisdiction to hear this appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii).
Appellant contends that the Sarasota County Circuit Court lacked jurisdiction to consider the petition for change of custody. He is clearly correct. Wells v. Ward, 314 So.2d 138 (Fla. 1975); Bailey v. Malone, 389 So.2d 348 (Fla. 1st DCA 1980); Poliak v. Poliak, 235 So.2d 512 (Fla. 2d DCA 1970). Section 61.14, Florida Statutes (1979), which permits the parties to a dissolution to apply for modification of alimony or support in the county in which either of them resides, omits any reference to changes of custody. There is simply no authority for appellee to seek a modification of custody except in the Circuit Court of Alachua County which is the court that had original jurisdiction over the dissolution proceedings.
REVERSED.
BOARDMAN, Acting C.J., and OTT, J., concur.