**James Daniel GLUSE, et al.**

v.

**Naurice Ann DENNISON, et al.**

Supreme Judicial Court of Maine.

Argued March 7, 1983.

Decided June 30, 1983.

Bowie, Matthews & McDonough, Kim Matthews (orally), Portland, for plaintiffs.

Remington O. Schmidt (orally), Portland, for defendants.

Before McKUSICK, C.J., and GODFREY, NICHOLS, CARTER and WATHEN, JJ.

NICHOLS, Justice.

On June 17, 1982, the Cumberland County Probate Court terminated the parental rights of the Defendants, Naurice and Stanley Dennison, with respect to their thirteen-year-old son, Willard Cushing Burns Dennison, upon the petition of Willard's uncle and aunt, James and Faith Gluse, with whom he had been living for the previous ten years.[1] After a hearing the Probate Court had concluded that clear and convincing evidence showed (1) that the Dennisons had willfully abandoned Willard; (2) that circumstances were unlikely to change in a reasonable time; and (3) that termination of parental rights was in Willard's best interest.

The Defendants took this appeal, challenging the termination order on several grounds. We conclude that their appeal must be denied.

---

1. The Gluses, Plaintiffs in this action, had standing to bring this petition as custodians of Willard. 22 M.R.S.A. § 4052(1) (Supp.1982–1983).

■ The Defendants first contend that the Probate Court was without jurisdiction to terminate their parental rights because the Plaintiffs did not with their first pleading file a Uniform Child Custody Jurisdiction Act (UCCJA) affidavit in conformity with 19 M.R.S.A. § 810 (1981).[2] Even if we were to assume that the UCCJA applies to termination proceedings,[3] any error with respect to the timeliness of this affidavit would be deemed harmless where, as here, the dispute is wholly intrastate in nature and where no party is arguing that Maine is not the appropriate forum for this litigation.

The overall thrust of this uniform act is to reduce jurisdictional conflicts between the various states in matters involving child custody and thereby discourage "child snatching." *See* 19 M.R.S.A. § 802(1) (1981); *Spaulding v. Spaulding,* 460 A.2d 1360, 1363–1364 (Me.1983). These purposes would be little served by attaching much significance to the late filing of a UCCJA affidavit in a controversy not reaching beyond the borders of this state. *Cf. Adams v. Adams,* 374 So.2d 29, 30 (Fla.Dist.Ct.App. 1979) (UCCJA not applicable to intrastate custody squabbles). The Defendants never themselves filed a UCCJA affidavit, and they suffered no harm from this failure on the part of the Plaintiffs. A like conclusion disposes of the Defendants' other contentions regarding the veracity of the Plaintiffs' affidavit.[4]

■ Next, the Defendants assert that the Probate Court erred in failing to appoint a guardian ad litem and in not ordering a custody study. In a situation such as this where termination of parental rights is sought as part of an adoption petition, the appointment of a guardian ad litem is discretionary. 19 M.R.S.A. § 533–A(3)(A) (Supp.1982–1983). Likewise, where one of the petitioners is a blood relative, a custody study is also discretionary.[5] 19 M.R.S.A. § 533 (Supp.1982–1983). Our review of the record reveals no abuse of discretion on either score.

The Defendants' remaining arguments are without merit and require no discussion.

The entry is:

Appeal denied.

Order of termination affirmed.

All concurring.

---

2. This affidavit was filed the day after the termination order was entered. Section 810 requires that "every party" in a custody proceeding include in first pleading or in an attached affidavit, certain information regarding the past and present whereabouts of the child, the pendency of other related litigation, and identity of additional interested persons. The purpose of the affidavit requirement is informational, for the benefit of the court. Unif.Child Cust.Juris. Act § 9 Commissioners' Note, 9 U.L.A. 117 (1973).

3. As this issue was not raised below and was not briefed by the parties we do not decide it today.

4. The Defendants contend that the pendency of a prior custody proceeding and an erroneous statement in the Plaintiffs' affidavit regarding the same deprived the Probate Court of jurisdiction over this termination proceeding. The earlier proceeding, an adoption petition filed in 1979, involved the same parties in the very same court and apparently was not prosecuted. Again this exclusively intrastate matter is unrelated to the purposes of the UCCJA and, at most, this is harmless error.

5. The record reflects that Faith Gluse is the sister of Willard's mother, Naurice Dennison.