522 So.2d 469 (1988)
George WILLIAMS, Petitioner,
v.
The Honorable Hugh E. STARNES, Respondent.
No. 87-3346.
District Court of Appeal of Florida, Second District.
March 16, 1988.
*470 Alan J. Rubinstein, of Goldberg, Rubinstein & Buckley, P.A., Fort Myers, for petitioner.
Joseph P. Hoffman, of Mockler & Engvalson, Fort Myers, for petitioner-below Jean Williams.
PER CURIAM.
Petitioner seeks a writ of prohibition to prevent the Lee County Circuit Court from exercising jurisdiction over a petition for modification of dissolution, which dissolution was originally entered in the Hillsborough County Circuit Court. The petition for modification was originally pleaded as a petition for dependency and filed in the juvenile division of the Lee County Circuit Court. For the reasons that follow, we grant the petition, quash the order of the circuit court, and remand with directions to transfer the case back to the juvenile division for further proceedings consistent with this opinion.
The record reveals the following facts. The Hillsborough County Circuit Court granted petitioner (the husband) and his former wife a dissolution of marriage in June 1982. According to the terms of the final judgment of dissolution, the husband was granted custody of the three children of the marriage and the wife was granted visitation. The husband and children moved to Dade County; the wife moved to Lee County.
On October 14, 1987, the wife filed a sworn "petition for dependency" in the juvenile division of the Lee County Circuit Court. This petition alleged that on September 17, 1987, the husband had sent two of the children to her and directed her to enroll them in Lee County schools. The petition further alleged that the husband had failed to contact the children since that date, and that he had provided only marginal support for them since they had been in Lee County. Thus, the petition alleged, the husband had abandoned and psychologically abused the children within the meaning of section 39.01, Florida Statutes (1983), and it would be in the best interests of the children if the wife were awarded custody of them. On October 15, 1987, the trial court entered an ex parte preliminary injunction, awarding the wife temporary custody of the children and directing the husband not to remove the children from Lee County.
At the October 26, 1987, hearing on the wife's petition for dependency, the attorneys for the parties advised respondent, the trial judge, of an agreement they had reached whereby the case would be transferred to the Lee County Circuit Court for post-dissolution proceedings. On October 29, 1987, the trial judge entered an order which transferred the case from the juvenile to the family division of the Lee County Circuit Court. The order further stated that the original petition for dependency, by agreement of the parties, would be henceforth determined to be a petition for modification of the final judgment of dissolution, *471 and that the juvenile case would be abated. Finally, the order granted the wife continued temporary custody of the two children, and provided for other various visitation rights and responsibilities.
Thereafter, the wife filed a motion for temporary support. On November 12, 1987, the husband, represented by new counsel, filed an amended motion to dismiss for lack of jurisdiction and to vacate the temporary custody order. The motion alleged that the Lee County Circuit Court was without jurisdiction to hear the matter as the Hillsborough County Circuit Court granted the final judgment of dissolution. The motion requested that the case be transferred at the wife's expense to the circuit court in Hillsborough County; that the temporary custody order be vacated; and that custody of the two children be returned to the husband under the terms of the original judgment of dissolution.
At the November 25, 1987, hearing on the husband's motion to dismiss, the trial judge acknowledged that because the Hillsborough County Circuit Court had granted the original dissolution in this case, that it, not he, had exclusive jurisdiction to modify that judgment. Nevertheless, the trial judge determined that he did have jurisdiction to modify the original final judgment because the parties had agreed to transfer the case to the family division of the Lee County Circuit Court, thereby waiving any jurisdictional defects. Thereafter, the trial judge entered his order denying the husband's motion to dismiss, and this petition for writ of prohibition followed.
Initially, we observe that while personal jurisdiction may be waived, see Hubbard v. Cazares, 413 So.2d 1192 (Fla. 2d DCA 1981), rev. denied, 417 So.2d 329 (Fla. 1982), subject matter jurisdiction cannot be waived or conferred upon a court by consent or agreement of the parties. See Board of Trustees of Internal Improvement Fund v. Mobil Oil Corp., 455 So.2d 412 (Fla. 2d DCA 1984), rev'd on other grounds sub nom, Coastal Petroleum Co. v. American Cyanamid Co., 492 So.2d 339 (Fla. 1986); In the Interest of A.W., 230 So.2d 200 (Fla. 1st DCA 1970). The proper forum in which to determine or to modify a child custody award has heretofore been held to be a question of subject matter jurisdiction, not one of personal jurisdiction or even of venue. See Wells v. Ward, 314 So.2d 138 (Fla. 1975); Rhoades v. Bohn, 114 So.2d 493 (Fla. 1st DCA 1959), aff'd, 121 So.2d 777 (Fla. 1960). But see Wells v. Ward, 298 So.2d 493, 494 (Fla. 1st DCA 1974) (Boyer, J., specially concurring) (proper forum in which to determine child custody in intrastate disputes should be decided on basis of venue statutes). Thus, the trial judge erred in determining that because the parties had agreed to transfer the case to the Lee County Circuit Court, he had jurisdiction to hear the petition for modification of the custody issue.
The wife, in her response to the husband's petition,[1] contends that because the juvenile division of the Lee County Circuit Court had jurisdiction to hear her petition for dependency regardless of the venue of the original final judgment of dissolution, see In re S.L.T., 180 So.2d 374 (Fla. 2d DCA 1965), it could properly transfer the case to the civil or family division of the Lee County Circuit Court under Florida Rule of Juvenile Procedure 8.530 for a determination of support. This argument fails for two reasons. First, the wife ignores that she and the husband agreed to treat the petition for dependency as a petition for modification of custody. Second, the wife is not only seeking support in the Lee County Circuit Court. Her petition for dependency, now modification, sought permanent custody of the children. The trial judge's October 29, 1987, order awarded her only temporary custody of them. Thus, an adjudication on modification of permanent custody, as well as support, remains pending in the Lee County Circuit Court.
The ability of the Lee County Circuit Court to modify the custody provisions *472 of the original final judgment of dissolution entered in Hillsborough County is the true issue in this case. The husband contends that the Hillsborough County Circuit Court has exclusive jurisdiction to modify the original custody provisions of the dissolution decree entered there. From our review of the relevant case law, he appears to be correct. See Wells v. Ward, 314 So.2d 138; Marshall v. Marshall, 404 So.2d 1182 (Fla. 2d DCA 1981).
In Marshall, this court, relying on Wells, Bailey v. Malone, 389 So.2d 348 (Fla. 1st DCA 1980); and Poliak v. Poliak, 235 So.2d 512 (Fla. 2d DCA 1970), held that the circuit court which had original jurisdiction over the dissolution proceedings had the only authority to modify its custody award pursuant to a final judgment of dissolution. In Marshall, the wife, who lived in Manatee County, filed a petition for modification of child custody in Sarasota County, the county in which the husband and child lived. The original final judgment of dissolution was entered in Alachua County. This court held that Sarasota County lacked jurisdiction to consider the petition for change of custody. See also Lazar v. Lindsey, 510 So.2d 981 (Fla. 4th DCA 1987); Spear v. Spear, 510 So.2d 371 (Fla. 3d DCA 1987).
While this is the well-settled law of Florida which we are constrained to follow, we, nevertheless, question its continued validity. The basis for the rule that only the court which initially granted a child custody award has exclusive jurisdiction to modify that award appears to have been first announced in Cone v. Cone, 62 So.2d 907 (Fla. 1953). In Cone the husband and wife were divorced, with the wife retaining custody of the minor child. Thereafter, the wife died and the husband petitioned for modification of the custody decree. The maternal grandmother had physical custody of the child. The trial court granted custody to the husband, and the grandmother appealed. The precise issue on appeal was whether the trial court had jurisdiction to modify the divorce decree which did not expressly retain jurisdiction. In ruling that the trial court did have jurisdiction, the supreme court held:
We do not understand the law of this state to be that jurisdiction to modify a divorce decree as to custody of the children of the divorced parties is dependent upon an express reservation in the decree of such jurisdiction. [Citations omitted.] ... "It is undoubtedly the law of this state that the proper custody of a minor child of divorced parents is a proper subject for judicial consideration at any time by the court which granted the decree of divorce." This must be so, first, because of the rule that when chancery once acquires jurisdiction over a subject-matter it will continue to exercise that jurisdiction so long and so often as occasion shall require for the purpose of making its decree effective and of granting full and final relief in the premises; and, second, because of the well-recognized principle that, independent of statute, a court of chancery has inherent jurisdiction to control and protect infants and their property. Fisher v. Guidy, (106 Fla. 94, 142 So. 818 (1932)]; Pollack v. Pollack, 159 Fla. 224, 31 So.2d 253 [(1947)]. So long, then, as the minor child is within the jurisdiction of the equity court, such court may exercise its continuing jurisdiction to modify its decree as to the custody of the child, even though jurisdiction was not expressly retained therein.
62 So.2d at 908. The Pollack and Fisher cases cited in the above passage did not deal with custody issues, but with the power of the circuit, or equity, courts' jurisdiction to protect the interest of minors and their property.
The rationale in Cone was applied to an interstate custody dispute where the issue involved was whether there had been proper service of process in Schraner v. Schraner, 110 So.2d 33 (Fla. 1st DCA 1959). In Schraner, the parties were divorced in Florida, and the wife was awarded custody of the child. The husband moved to Illinois. Thereafter, the wife file a petition for modification of the custody award to delete the husband's visitation rights. She served the husband by regular mail. The husband specially appeared, contesting *473 the service of process as improper. The first district, relying on the abovequoted passage from Cone, held that because the modification proceedings were pursuant to then-section 65.14, Florida Statutes, which pertained to custody determinations, the trial court had continuing jurisdiction to make such orders, at any time, and that new service of process was not necessary, only adequate notice and opportunity to be heard.
This rule was later refined in Rhoades where the court held that once a court acquires jurisdiction of a minor as an ancillary phase of a divorce proceeding and enters a custody order, the court has continuing jurisdiction to modify that order, even though the minor child is not physically within the court's territorial jurisdiction, provided the custodial parent is provided notice and an opportunity to be heard. 114 So.2d at 498. Rhoades also involved an interstate custody dispute.
The present state of the rule was announced in Frye v. Frye, 205 So.2d 310 (Fla. 4th DCA 1967), a case that did not involve either an interstate or intrastate custody dispute. In Frye the husband and wife were divorced in Orange County and the husband was awarded custody of their children. Thereafter, the husband and wife reunited, without remarrying. The wife later sought a dissolution in Orange County of the common law marriage and custody of the children. The court held that because the common law marriage was invalid, the original divorce decree and custody award were still in effect; therefore, the wife could not seek another initial custody determination, for which the burden of proof would be less stringent than for a modification of an original custody award. In so holding, the court, citing Rhoades, Schraner, 27B C.J.S. Divorce § 303 (1986), and Annotation, Jurisdiction acquired by court in divorce suit over custody and maintenance of child as excluding jurisdiction of other local courts, or as rendering its exercise improper, 146 A.L.R. 1153 (1943), stated that the "continuing jurisdiction to modify its own decree is generally considered exclusive to the divorce court." 205 So.2d at 313.
The holding in Frye was relied upon in Wells and Poliak, both of which involved intrastate custody disputes, in support of the continued exclusive jurisdiction of the trial court originally granting a custody award in conjunction with a dissolution of marriage proceeding to modify such custody award. See also Jones v. State ex rel. Greathouse, 241 So.2d 432 (Fla. 1st DCA 1970); Haley v. Edwards, 233 So.2d 647 (Fla. 4th DCA 1970). In Wells, however, the supreme court, without explanation, recognized that "[t]here is ample provision for transfer of venue upon motion when justice would so indicate." 314 So.2d at 139. Cf. Adams v. Adams, 374 So.2d 29 (Fla. 3d DCA 1979) (affirming trial court's denial of wife's motion to change venue in intrastate custody dispute).
In 1977 the legislature enacted in Uniform Child Custody Jurisdiction Act (UCCJA), see Ch. 77-433, Laws of Fla., which abrogated the common law with respect to jurisdiction to entertain interstate custody disputes. See § 61.1308(2), Fla. Stat. (1987); Trujillo v. Trujillo, 378 So.2d 812 (Fla. 3d DCA 1979). While the UCCJA has been held to apply only to interstate custody disputes, Trujillo; Adams, we believe that its enunciated purposes are equally applicable to the jurisdictional aspects of intrastate custody disputes.
The purposes of the UCCJA, as summarized in Trujillo, are:
to avoid jurisdictional competition and conflicts; promote cooperation of the courts; assure that litigation concerning child custody ordinarily takes place in the state in which the child has the closest connection; discourage controversies and abductions; avoid relitigation of child custody decisions; and facilitate enforcement of child custody decrees. [Footnote omitted.]
378 So.2d at 814. See also § 61.1304, Fla. Stat. (1987). These same considerations and policies are equally present in intrastate custody disputes, as evidenced by the present case and the several cases cited herein involving jurisdictional disputes. Further, it seems illogical that a circuit *474 court in Lee County could modify an out-ofstate custody award pertaining to a child residing in Lee County, but could not modify a custody award with respect to another child residing in the same county, but which was entered in Hillsborough County. Thus, we can perceive no valid reason for the continued exclusive jurisdiction of the original court granting a custody award to modify that award. Instead, the better rule, and one more in line with the awareness of the transient nature of present society, as recognized by the UCCJA, is that a custody award may be modified by the circuit court in the county in which either the child or children and custodial parent or the non-custodial parent resides. We note, as we did in Marshall, that section 61.14, Florida Statutes (1987), pertaining to modification of alimony and child support awards, permits modification in the county in which either of the parties resides, see 404 So.2d at 1183, but no such authority exists under section 61.13, Florida Statutes (1987), pertaining to child custody awards. Compare section 61.17, Florida Statutes (1987), providing for additional methods for enforcing alimony and child support judgments in the county in which either party resides, wherein it states:
If the pleadings ask for a modification of the order or judgment, the court may determine that the action should be tried by the court entering the original order or judgment and shall then transfer the action to that court for determination as a part of the original action. [Emphasis supplied.]
Returning to the facts of the present case, we find that the Lee County Circuit Court is without jurisdiction to entertain the petition for modification of the child custody award granted by the Hillsborough County Circuit Court. Therefore, we must grant the petition for writ of prohibition and quash the order of the circuit court which transferred the case from the juvenile division to the family division of the Lee County Circuit Court. On remand to the juvenile division, if it appears that the petition for dependency is actually a petition for modification of the original custody award, then the juvenile court must dismiss the case for lack of jurisdiction.
Although we are required to so hold on the basis of stare decisis and the supreme court's decision in Wells, we certify the following question to the supreme court as one of great public importance:
Whether the holding in Wells v. Ward, 314 So.2d 138 (Fla. 1975), is still valid law in light of the enactment of the Uniform Child Custody Jurisdiction Act in 1977.
Petition for writ of prohibition granted.
CAMPBELL, A.C.J., and SCHOONOVER and LEHAN, JJ., concur.
NOTES
[1] The trial judge, although the named respondent, did not file a response on the merits to the husband's petition for writ of prohibition.