SHARP, Chief Judge.
Tonkin appeals from the order of the Brevard County Circuit Court which dismissed a proceeding to modify visitation and child support rights established by a 1979 dissolution judgment rendered by the circuit court of Pinellas county. The Brevard court relied upon Wells v. Ward, 314 So.2d 138 (Fla.1975), in dismissing for lack of subject matter jurisdiction over the child custody/visitation issues. We reverse.
Allen and Mary Ann Tonkin were divorced in 1979 in Pinellas County. She was given custody of the parties’ three minor children and Allen was given visitation rights and required to pay child support. He moved to New Jersey. Mary Ann and the children moved to Brevard County and Mary Ann married her present husband, Laverne Sonnenberg.
In 1985, Tonkin was served in New Jersey with Laverne’s petition to adopt the two youngest children. Tonkin filed an answer and counterclaim alleging that he had been systematically denied visitation and communication with his children. In December of 1985, Tonkin filed a motion for contempt and a motion to enforce the decree in Pinellas County.
In a rare moment of cooperation and common sense, the parties jointly moved the Pinellas County Circuit Court to transfer venue of the enforcement matter to Brevard County. The Pinellas County Circuit Court granted the motion and transferred its file to Brevard. Pursuant to another joint motion, the Brevard court consolidated the adoption proceeding with the dissolution case.
Various petitions, cross petitions and answers were thereafter filed by both parties in Brevard. Tonkin sought modification and enforcement of his visitation rights and a reduction in child support. Mary Ann sought an increase in child support. The court appointed a guardian ad litem to represent the children. About a year after its transfer from Pinellas, both parents filed motions to hold the other in contempt because neither was allegedly abiding by the Pinellas decree.
In November of 1987, Laverne Sonnen-berg dropped his stepparent adoption petition. Various pretrial orders were entered. After this post-dissolution matter was some two years and eleven months old, Mary Ann filed her motion to dismiss for lack of subject, matter jurisdiction.
*1144 Despite the passage of time and obvious agreement of the parties to try this cause in Brevard County, if indeed Brevard lacks subject matter jurisdiction over the modification of visitation issues, we would have to affirm the result below. However, we think true subject matter jurisdiction is not involved in this case. Rather, Pinellas had exclusive venue over the visitation/custody provisions of its decree, which it , subsequently transferred at both parties’ request, to Brevard.
Enforcement of the Pinellas decree, as well as modification of child support, were properly brought (as a matter of subject matter jurisdiction) either in Pinellas or Brevard county. § 61.14; § 61.17, Fla. Stat. (1985). All circuit courts in Florida have subject matter jurisdiction to protect minors and to make orders concerning the custody of children within their jurisdiction. Fla. Const. art. V, § 5; Evans v. Cone, 62 So.2d 907 (Fla.1953); Hamill v. Bower, 487 So.2d 345, 346 (Fla. 1st DCA 1986); 26 Fla.Jur.2d Family Law § 506 (1981).
There is no statutory venue provision for Florida decrees governing petitions to modify child custody or visitation in Florida. Venue for interstate modifications of child custody decrees is governed by the general venue statute,[1] and subject matter jurisdiction is controlled by the provisions of the Uniform Child Custody Jurisdiction (“UCCJA”)[2] and Parental Kidnapping Prevention Act (“PKPA”).[3] Prickett v. Prickett, 498 So.2d 1060 (Fla. 5th DCA 1986); Fox v. Webb, 495 So.2d 879, 880 (Fla. 5th DCA 1986); Hamill at 346; Meade v. Meade, 812 F.2d 1473, 1477 (4th Cir.1987) (PKPA creates federal subject matter jurisdiction); McDougald v. Jenson, 786 F.2d 1465 (11th Cir.1986). The Florida courts have never restrained themselves from exercising subject matter jurisdiction to modify a foreign custody decree as to children living in the State of Florida.[4] Logically, there should be no difference in subject matter jurisdiction merely because the original decree is entered by a Florida court.
In order to avoid duplicating or conflicting intrastate decrees regarding child custody, the Florida courts created a common law rule that the original circuit court in Florida has “exclusive jurisdiction” to modify those aspects of the decree. Williams v. Starnes, 522 So.2d 469 (Fla. 2d DCA 1988). However wise that common law rule may be, we think it applies to venue rather than subject matter jurisdiction. See Elliott v. Weyman, 337 So.2d 832, 834 (Fla. 1st DCA 1976) (Boyer, J., specially concurring).
We have found no Florida appellate case similar to the one before us where the parties have jointly moved to transfer venue and the original court has, in fact, transferred its file to another circuit court in Florida which also has subject matter jurisdiction over the parties and the issues.[5] In Williams, our sister court questioned the continued validity of the court-made rule making the “jurisdiction” of the original dissolution exclusive as to modification of custody and visitation for Florida decrees. However, in that case the original court had not transferred the file at both parties’ request.
Even Wells, which is apparently the source of the “exclusive jurisdiction” rule, contains language that contemplates the possibility of a transfer to a more convenient circuit court in Florida:
It is clear that case law supports the proposition that continuing jurisdiction to modify custody decrees remains with the court making such original determination. There is ample provision for transfer of venue upon motion when *1145 justice would so indicate, (emphasis added)
Wells at 139. If subject matter jurisdiction were truly involved, it would not be possible to transfer the cause to another circuit. Williams.
REVERSE; REMAND.
DAUKSCH and COBB, JJ., concur.

. § 47.011, Fla.Stat. (1987). Carr v. Carr, 464 So.2d 221 (Fla. 1st DCA 1985) (UCCJA makes no mention of venue; venue thus controlled by the general venue statute).

. § 61.1308, Fla.Stat. (1987).

. § 28 U.S.C. § 1738A.

. See, e.g., Lopez v. Avery, 66 So.2d 689 (Fla.1953); Mocher v. Rasmussen-Taxdal, 180 So.2d 488 (Fla. 2d DCA 1965).

. See Lazar v. Lindsey, 510 So.2d 981 (Fla. 4th DCA 1987); Marshall v. Marshall, 404 So.2d 1182 (Fla. 2d DCA 1981); Bailey v. Malone, 389 So.2d 348 (Fla. 1st DCA 1980); Elliott v. Weyman, 337 So.2d 832 (Fla. 1st DCA 1976); Haley v. Edwards, 233 So.2d 647 (Fla. 4th DCA 1970).