WARNER, Judge.
Appellant challenges a final judgment terminating her parental rights to her minor child. She raises several points on appeal. In keeping with our procedures on termination of parental rights cases, we have expedited consideration of this appeal. We affirm the final judgment on all issues presented, which we discuss briefly below.
First, appellant claims that the circuit court for St. Lucie County did not have subject matter jurisdiction over the matter because there were two dormant dependency cases involving the same minor child in Bro-ward County and in Martin County. There is no question of subject matter jurisdiction here, as all circuit courts in Florida have subject matter jurisdiction to protect minors. See Tonkin v. Sonnenberg, 539 So.2d 1143, 1144 (Fla. 5th DCA 1989). Thus, this is not an issue of the absence of jurisdiction. We deem the order of the Martin County circuit court as a termination of the jurisdiction of that court. See § 39.41(2)(a)3, Fla.Stat. (1995). The Broward circuit court order was entered in 1991 and ordered HRS to take physical and legal custody of the child, who was bom with cocaine in her system. However, other documents in the file indicate that the mother regained custody of her daughter. Thus, we question whether the dispositional order proffered to the court was the last order in the Broward action. The Broward court is not currently exercising jurisdiction over the child, and the dependency proceeding and termination proceeding taking place in St. Lucie County both involved acts taking place in that jurisdiction and not in Broward County. The mother did not even bring the Broward order to the attention of the court in St. Lucie County until the day of the termination hearing. We conclude that appellant waived her right to contest the ability of the circuit court for St. Lucie county to hear the termination proceeding.
Second, appellant contends that reversal is required because the trial court failed to follow a two-step termination process. See Fla.R.Juv.P. 8.525(h), (1994); Moore v. Department of Health & Rehabilitative Servs., 664 So.2d 1137, 1138 (Fla. 5th DCA 1995). The procedure contemplates a hearing on an order of adjudication, which meets the requirements of section 39.467(5), Florida Statutes (1995), and a second order that grants or denies the petition for termination and includes the brief factual statement provided for in section 39.469(3), Florida Statutes (1995). HRS admits that the trial court did not follow the statutory procedure here, arguing that the single termination order entered by the trial judge complied with both sections. Thus, appellant was not prejudiced. We agree that the error was harmless. See AT. v. Department of Health & Rehabilitative Sens., 490 So.2d 155, 156 (Fla. 1st DCA 1986); Fredrick v. State Dep’t of Health & Rehabilitative Sens., 523 So.2d 1164, 1167 (Fla. 5th DCA), rev. denied, 531 So.2d 1353 (Fla.1988).
*979 Third, appellant claims that she was not advised of or afforded counsel at critical stages of the proceedings. We find that appellant was advised of her right to counsel at all critical stages of the proceedings, and that counsel was appointed for her in the termination proceeding. Appellant’s right to counsel was recognized and satisfied. In the Interest of D.B., 385 So.2d 83 (Fla.1980); see also In the Interest of M.D.A, 517 So.2d 711 (Fla. 4th DCA 1987).
Finally, appellant contends that the court applied the wrong burden of proof, and that the evidence was insufficient as to the reasonable efforts made by HRS to reunify the mother and child. We affirm on both issues.
The judgment terminating appellant’s parental rights is affirmed.
STONE and GROSS, JJ., concur.