# Third District Court of Appeal

## State of Florida

Opinion filed December 15, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1910
Lower Tribunal No. 18-5452
_____

**Maria Luisa Massa Cisneros,**
Petitioner,

vs.

**Carlos A. Guinand, et al.,**
Respondents.

A Case of Original Jurisdiction -- Mandamus.

Shutts & Bowen LLP, and Amy Wessel Jones, B.C.S. (Fort Lauderdale), and Kristina Candido (West Palm Beach), for petitioner.

RCC Family Law, and Richard J. Preira, and Kira Elise Willig, for respondent Carlos A. Guinand.

Before HENDON, MILLER, and BOKOR, JJ.

MILLER, J.

Petitioner, Maria Luisa Massa Cisneros, the mother, seeks a writ of mandamus commanding the trial court to rule on the merits of her motion for reconsideration of a stipulated final judgment establishing a parenting plan and an accompanying order of referral to the Family Bridges Program. Concluding the trial court declined to pass on the merits of the motion based upon the considered but erroneous belief that it had no jurisdiction to grant the relief requested, we grant the petition. See Crump v. Branning, 77 So. 228, 229 (Fla. 1917).

## BACKGROUND

By the terms of the judgment and order, the mother and the respondent, Carlos A. Guinand, the father, agreed to enroll their three minor children in Family Bridges, a program purporting to remedy the effects of "Parental Alienation Syndrome" ("PAS").[1] At that time, the specifics of the program were shrouded in secrecy, but the father was to be awarded sole custody of the children for a period of time not exceeding ninety days following attendance at Family Bridges and an ensuing five-day family retreat. During this no contact period, the mother was prohibited from contacting the children through any means. In the event the mother violated

---

[1] "Whether PAS is indeed a diagnosable affliction has been vigorously disputed among scholars across the country." Logreira v. Logreira, 322 So. 3d 155, 157 n.2 (Fla. 3d DCA 2021).

the no contact period, prohibitions on contact would begin anew. Any disputes regarding these provisions were to be "presented to the court for a determination," and the no contact period was only to be extended by means of a court order.

All three children attended the program, and, despite the fact that ninety days has long since elapsed, the mother has been denied any form of contact with the children.[2] This issue has been extensively litigated during a host of hearings. After one such hearing, a predecessor judge voiced an intent to further extend the no contact period until such time as certain undefined benchmarks were met to the satisfaction of Family Bridges. This oral ruling precipitated the mother's motion for reconsideration.

In the motion, the mother alleged a substantial, unanticipated change in circumstances warranted a modification of the existing custody arrangement. More specifically, she contended that, at the time she enrolled the children, the exact nature of Family Bridges and its affiliates remained unknown to her and could not be publicly discerned. She further alleged that in ratifying the stipulated parenting plan, the predecessor judge both abdicated its decisional role in determining the best interests of the children to Family Bridges and ran afoul of the requirements of section 61.13(2)(c)2.,

---

[2] The children began attending the program on June 9, 2019.

3

Florida Statutes (2021), by indeterminately awarding sole parental responsibility to the father.

The trial court found that the motion was untimely under Florida Rule of Civil Procedure 1.530 because it had been filed approximately five months after rendition of the stipulated judgment.  Thus, it lacked jurisdiction to consider the merits.  The instant petition ensued.

## ANALYSIS

"The right of *mandamus* lies . . . where an inferior court refuses to take jurisdiction when by law it ought to do so, or where, having obtained jurisdiction, it refuses to proceed in its exercise."  Ex parte Parker, 131 U.S. 221, 226 (1889).  "It does not lie," however, "to correct alleged errors in the exercise of . . . judicial discretion."  Id.  The resolution of this case turns on whether the trial court was divested of jurisdiction to reconsider and modify the terms of the stipulated judgment.

We begin our analysis by observing that "[c]hild custody determinations are 'some of the most difficult and sensitive problems [that] face the judiciary.'"  Talarico v. Talarico, 305 So. 3d 601, 603 (Fla. 3d DCA 2020) (alteration in original) (quoting Waites v. Waites, 567 S.W.2d 326, 330 (Mo. 1978)).  Such determinations are rarely static and often require consideration of intervening changes in circumstances.  To this end, a vast

4

body of decisional authority recognizes a trial court is vested with "jurisdiction to modify its custody orders, which would include visitation privileges, until such time as the minor children reach their majority." Poliak v. Poliak, 235 So. 2d 512, 514 (Fla. 2d DCA 1970). Correspondingly, section 61.13(3), Florida Statutes, authorizes the modification of a parenting plan and time-sharing upon "a showing of a substantial, material, and unanticipated change in circumstances." Such determinations are made by evaluating "all of the factors affecting the welfare and interests of the particular minor child and the circumstances of the family." Id.

Here, while couched in terms of a motion for reconsideration, the mother sought a modification of the custody and parental responsibility provisions embodied in the judgment and program referral order. Because the motion facially alleged a substantial and unanticipated change in circumstances, it comported with the relevant statutory and decisional framework. Further, as is so often the case in custody proceedings, regardless of the nomenclature employed by the parties, the stipulated judgment clearly anticipates the expenditure of further judicial labor, rendering it nonfinal. See, e.g., Kirkland v. Kirkland, 153 So. 3d 942 (Fla. 1st DCA 2014); Fowler v. Fowler, 166 So. 3d 188 (Fla. 1st DCA 2015); Freiha v. Freiha, 169 So. 3d 1292 (Fla. 1st DCA 2015). This is evidenced through

both a conflict resolution provision, expressly permitting the parties to submit any unresolved time-sharing matters to the court for resolution, and an extraordinarily broad reservation of jurisdiction clause, allowing the court to adjudicate a myriad of outstanding issues and order any other relief deemed proper.

Accordingly, contrary to the ruling below, the trial court possesses jurisdiction to consider the merits of the motion and the mother lacks any other plain and adequate remedy at law. See Seigler v. Bell, 148 So. 3d 473, 479 (Fla. 5th DCA 2014). In closing, we are not unmindful mandamus is an extraordinary remedy. Child custody determinations, however, implicate rights of a constitutional dimension, and the law permits a complete denial of parental rights only under the most extreme of circumstances. Here, it is axiomatic the refusal to allow contact between the mother and her children for well over two years, a time period nearly tenfold that bargained for by the parties, warrants closer scrutiny.[3] We grant the writ but, being confident the trial court will promptly rule on the pending motion, withhold issuance.

Petition granted.

---

[3] As of the date of this opinion, the mother has had no contact with the children for over thirty months.

6